UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-463-RP |
| MARK A. GIPSON, | § § § | |
| Defendant. | § § § | |

### ORDER

Before the Court is Plaintiff Jane Doe ("Plaintiff") Emergency Application for Temporary Restraining Order. (Dkt. 12). Plaintiff has not served Defendant Mark A. Gipson ("Defendant"), and requests that the application be considered *ex parte*. (*Id.* at 25). Having considered the application, the Court will partially grant Plaintiff's application. Plaintiff has offered specific facts in an affidavit clearly showing that immediate and irreparable injury, loss, or damage will result to Plaintiff. The Court finds a substantial risk of irreparable harm to Plaintiff if Defendant Mark A. Gipson were allowed to continue disclosing Plaintiff's intimate visual materials, impersonate her on social media, and contact her or her family. Any potential harm to Defendant Mark A. Gipson in ceasing such conduct is minimal and irreparable.

Therefore, **IT IS ORDERED ORDERED** that Plaintiff's application, (Dkt. 12), is **GRANTED IN PART**. The Court will enter the following temporary injunctive relief:

1. Until further order from the Court, Defendant Mark A. Gipson shall not:

    a. Display or disclose any intimate visual depictions or false representations about Plaintiff, including but not limited to the images, videos, and representations referenced in Plaintiff's motion, on any and all public or private forums;

1

    b. Make any false or defamatory statements about Plaintiff on any social media pages, websites, or in any oral or written communications to third parties;

    c. Contact, directly or indirectly, or come within 1,000 feet of Plaintiff or any member of Plaintiff's family;

    d. Impersonate Plaintiff in any way, including, but not limited to, using her name, images, or likeness on social media pages or other websites; or

    e. Publicly disclose the true identity of Plaintiff.

2. Within three business days of the date of the Court's order, Defendant Mark A. Gipson shall:

    a. Identify the location of each "18+ website" containing sexually explicit videos or photos of Plaintiff;

    b. Remove any intimate visual depiction of Plaintiff disclosed on any social media pages, websites, or in any oral or written communications to third parties; and

    c. Temporarily disable the Instagram account [REDACTED] until further notice from the court.

2. The Court will conduct a hearing on this matter on **May 4, 2023, at 2:00 p.m. CDT**. The hearing will take place at the United States District Courthouse, 501 West Fifth Street, Courtroom 4, Austin, Texas 78701. Mark A. Gipson must appear and show cause why this temporary restraining order should not be extended;

3. Plaintiff shall serve Defendant Mark Gipson with this order on or before on **April 27, 2023**; and

4. Unless extended by the Court, this Order expires on **May 10, 2023, at 5 p.m. CDT**.

5. Because Defendant Mark A. Gipson is unlikely to suffer any harm, the Court finds that the proper amount of security under Federal Rule of Civil Procedure 65(c) is $0.

**SIGNED** on April 26, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE