**FILED**
June 01, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Julie Golden_____
                              DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JANE DOE**<br><br>            **Plaintiff,**<br><br>     **vs.**<br><br>**MARK A. GIPSON**<br><br>            **Defendant.** | Civil Action No. 1:23-cv-00463-RP<br><br><br><br>**PUBLIC COPY** |

## ORDER GRANTING SECOND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER

The Court has considered the Second Emergency Application For Temporary Restraining Order filed by Plaintiff Jane Doe.  Having considered this matter, the Court finds good cause exists to temporarily restrain Defendant Mark A. Gipson as requested in Plaintiff's application.  Plaintiff has offered specific facts in an affidavit clearly showing that immediate and irreparable injury, loss, or damage will result to Plaintiff.  The Court finds a substantial risk of irreparable harm to Plaintiff, and to the jurisdiction of this Court, if Defendant Mark A. Gipson were allowed to continue disclosing Plaintiff's intimate visual materials, impersonate her on social media, and contact her friends, family, and/or associates.  In contrast to the substantial, irreparable harm to Plaintiff, any potential harm to Defendant Mark A. Gipson in ceasing such conduct is minimal and reparable.

It is therefore ORDERED that, effective immediately, Defendant Mark. A Gipson shall refrain from any of the following acts until further order of this Court:

    i.       Displaying or disclosing any visual depictions or false representations about Plaintiff, including but not limited to the images, videos, and representations referenced in Plaintiff's motion, on any and all public or private forums;

    ii.      Making any false and defamatory statements about Plaintiff on any social media pages, websites, or in any oral or written communications to third parties;

    iii.     Contacting (directly or indirectly) or coming within 1,000 feet of Plaintiff, any member of Plaintiff's family, or any person known to be associated with Plaintiff;

    iv.     Impersonating Plaintiff in any way, including, but not limited to, using her name, images, or likeness on social media pages or other websites; and

    v.      Disclosing the true identity of Plaintiff to any other person.

It is further ORDERED that, within three business days of the date of the Court's order, Defendant Mark A. Gipson shall:

    i.       Identify the location of each "18+ website" containing sexually explicit videos or photos of Plaintiff;

    ii.      Delete, remove, and/or take down the following websites:



        a.  [redacted]
        b.  [redacted];
        c.  [redacted];
        d.  [redacted];
        e.  [redacted];
        f.  [redacted];
        g.  [redacted];
        h.  [redacted];

   i. ███████████████;

   j. ███████████;

   k. ███████████;

   l. ███████████████;

   m. ███████████████; and

   n. ███████████;

  iii. Immediately take down all visual depictions of Plaintiff, as well as sensitive and false representations about Plaintiff, on any and all public or private forums in which they have been posted, including, but not limited to, Instagram and Flickr; and

  iv. Delete the fake Instagram account ███████ impersonating Plaintiff, and withdraw the baseless copyright claim against Plaintiff that was submitted to Instagram in order to block Plaintiff's real Instagram account and thereby silence her response to Mr. Gipson's attacks.

It is further ORDERED that, within three business days of the Court's order, Namecheap, Inc. shall remove the below websites which Mr. Gipson has been using to profit off of his exploitation of young Asian women, and shall not provide Mr. Gipson with any additional domains to host similar content:

   i. ███████████████;

   ii. ███████████;

   iii. ███████████;

   iv. ███████████████;

   v. █████████;

vi. ██████████████████████ ;

vii. ████████████████████ ;

viii. ████████████████ ;

ix. ██████████████████ ;

x. ████████████████ ;

xi. ████████████████ ;

xii. ██████████████████████ ;

xiii. ████████████████████ ; and

xiv. ████████████████ .

Plaintiff may provide a copy of this order to any social media website or web hosting service, including but not limited to Instagram, Flicker, and the operators of the websites listed above, in connection with the Court's order that said websites remove every intimate visual depiction of Plaintiff or false or defamatory statement concerning Plaintiff.

Because Defendant Mark. A Gipson is unlikely to suffer harm, the court finds that the proper amount of security under Rule 65(c) is **Zero United States Dollars ($0.00).**

The temporary restraining order will expire when the Court rules on the preliminary injunction in this case.

SIGNED this 1st day of June, 2023.

_____
**ROBERT PITMAN**
**U.S. DISTRICT JUDGE**