IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

JANE DOE
Plaintiff,

**RECEIVED**
June 20, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JMV _____
DEPUTY

**FILED**
June 20, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JMV _____
DEPUTY

vs.

MARK A. GIPSON
Defendant.

Civil Action No. 1:23-cv-00463

## DEFENDANT'S MOTION FOR DIRECTED VERDICT

**Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, I, MARK ALAN GIPSON, Defendant Pro Se, hereby move this Court for a directed verdict in my favor, contending that the Plaintiff has failed to make a case for the charges alleged against me.**

In support of this Motion, I aver as follows:

1. The Plaintiff alleges that I intentionally disclosed harmful visual material, in violation of Texas Penal Code § 21.16. However, as noted in Elonis v. United States, 135 S.Ct. 2001 (2015), the intention behind actions is a critical determinant of culpability. In the current situation, the communications accompanying the image clearly demonstrate my intent to encourage resolution of our outstanding legal issues, not to inflict harm or defamation.

2. Furthermore, the recipients of the image in question had already been exposed to the Plaintiff's nudity, rendering any harm caused by the image highly unlikely. This context-sensitive evaluation is in line with the Supreme Court's stance in Snyder v. Phelps, 562 U.S. 443 (2011).

3. The image was neither explicit nor publicly shared; it merely depicted a portion of the Plaintiff's nipple, which does not fulfill the elements necessary to classify as 'revenge porn' under Texas law. Under the First Amendment and the precedent set in United States v. Stevens, 559 U.S. 460 (2010), the mere depiction of nudity does not qualify as obscenity or harmful content.

4. Charges of online impersonation have been dismissed and expunged, with an Order of Non-Disclosure issued by a District Judge.

## NOTE: ORDER PROHIBITING PUBLIC DISCLOSURE

## NO. D-1-DC-13-302129 and ORDER OF EXPUNCTION D-1-EX-19-000411

Any references to these charges would unfairly prejudice the Defendant and distract the jury from the case at hand, as warned by the Supreme Court in Old Chief v. United States, 519 U.S. 172 (1997).

In light of these points, the Plaintiff's claim fails to present a legally sufficient evidentiary basis on which a reasonable jury could return a verdict in their favor. It is in the interest of justice and in line with the Court's duty to protect First Amendment rights that a directed verdict be granted in this case. The First Amendment's primary aim is to protect the free discourse of ideas, even those that may displease others. It is critical to uphold this in all cases, including mine, where no crimes have been committed.

WHEREFORE, I respectfully request that this Court grant this Motion for Directed Verdict in my favor.

Respectfully submitted,

**MARK ALAN GIPSON**
PRO SE DEFENDANT

Date: JUNE 20, 2023

Signature:

Address: 1005 w 22nd st Austin TX 78705

Phone: (512) 710-5556