**RECEIVED**
July 07, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____JMV_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**
July 07, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____JMV_____
                    DEPUTY

| | |
|---|---|
| **JANE DOE,** § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. 1:23-CV-00463–RP** |
| § | |
| **MARK A. GIPSON**, § | |
| Defendant. § | |

### DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

NOW COMES, Defendant Mark A. Gipson ("Gipson"), who files his motion to vacate default judgment pursuant to Rule 60b of the Federal Rules of Civil Procedure, and for good cause would show the following:

### A. Introduction

1. Defendant is Mark Gipson, Plaintiff is Jane Doe.

2. On April 24, 2023, Plaintiff filed suit against Defendant.

3. On May 26, 2023, the Clerk entered default judgment against Defendant.

### B. Argument

A court may vacate a default judgment if the Defendant shows mistake, inadvertence, surprise, or excusable neglect under Federal Rule of Civil

Procedure 60 (b)(1). FED. R. CIV. P. 60(b)(1); *Burrell v. Henderson*, 434 F.3d 826, 833-34 (6th Cir. 2006); *see* FED. R. CIV. P. 55(c). In determining whether to vacate a default judgment under Rule 60(b)(1), the court should consider (1) the prejudice to plaintiff if the default judgment is vacated, (2) the existence of a meritorious defense, and (3) Defendant's culpable conduct. *See Burrell*, 434 F.3d at 832-34. This Court should grant Defendant's motion to vacate for the following reasons:

a. Vacating the default judgment will not cause prejudice to plaintiff. The burden on plaintiff to litigate the case is not great because the alleged events giving rise to the claim are recent, so discovery will not be hindered.

b. Defendant has a potentially meritorious defense, as shown in Defendant's Answer filed on June 26, 2023, and will be more effectively shown by Defendant's First Amended Answer to be filed once the Court vacates the default judgment.

c. Defendant's failure to file an answer or appear in the case was not willful. Rather, notwithstanding the allegations in Plaintiff's Affidavit of Service filed on April 27, 2023, Defendant was not served on that date. Rather, Defendant discovered two empty boxes on his porch late at night on or about April 26, 2023, neither of which contained any papers or pleading from this case. Defendant received the pleadings in this case on or about July 7, 2023, from the court and/or the clerk. Defendant appeared soon afterward, when his motion to dismiss was filed on July 13, 2023.

d. Default judgment was entered without a hearing on damages and the damages were not liquidated or for a sum certain. *See*

Fed. R. Civ. P. 55(b)(2); *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602-03 (7th Cir. 2007); *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005).

PREMISES CONSIDERED, Defendant requests that this Court GRANT this Motion to Vacate Default Judgment. Defendant additionally request any such further relief to which he may show himself justly entitled.

 /s/ Mark Gipson
Mark Gipson
1005 W. 22nd Street
Austin, TX 78705
markgipson@gmail.com
(512) 710-5556

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for Plaintiff via email at: giri.pathmanaban@lw.com on this 7th day of July, 2023.

 /s/ Mark Gipson
Mark Gipson