IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-463-RP |
| | § | |
| MARK A. GIPSON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Jane Doe's ("Plaintiff") Motion for Preliminary Injunction, (Dkt. 12); Defendant Mark A. Gipson's ("Defendant") Motion to Dismiss for Failure to State a Claim, (Dkt. 48); Plaintiff's Motion to Strike the Submission of Certain Exhibits, (Dkts. 53; 55); Defendant's Motion to Appoint Counsel, (Dkt. 73); Defendant's Motion to Vacate Default Judgment, (Dkt. 76); Plaintiff's Motion to Dismiss and Motion to Strike Defendant's Answer and Counterclaim, (Dkt. 77); and all related briefing. Having considered the parties' briefs, the evidence, and the relevant law, the Court issues the following order.

## I. BACKGROUND

Plaintiff alleges that Defendant took many sexually explicit pictures of her during an international trip, that she did not consent to some of the pictures, that she felt coerced to consent to others, and that she did not agree to let Defendant use any pictures for commercial purposes. (Compl., Dkt. 1, at 8–13). She alleges that Defendant has refused to give her the pictures, and that he has tried to ask her for money in exchange for the pictures. (*Id.* at 13, 16–17). She further alleges that Defendant threatened to make the pictures public. (*Id.* at 14–17). Plaintiff also alleges that Defendant posted defamatory information about her online, including calling her an escort and a sex worker on social media. (*Id.* at 14–15). According to Plaintiff, Defendant also: (1) sent intimate

1

visual depictions of her to friends and family, (2) published intimate depictions on an Instagram account, in which he is allegedly impersonating Doe; and (3) published intimate depictions of her on websites sites, all without her permission. (*Id.* at 16–17, 22, 25–28; 28–31).

Plaintiff filed her original complaint on April 24, 2023. (*Id.*). She brings claims for unauthorized disclosure of intimate images under the Violence Against Women Reauthorization Act (VAWRA), 15 U.S.C. § 6851, and Texas Civil Practice and Remedies Code § 98B, along with other state tort claims. (*Id.* at 33–57). On April 25, 2023, Plaintiff moved for a temporary restraining order and preliminary injunction ordering Defendant to remove any of the alleged intimate visual depictions from websites and social media, and preventing Defendant from posting more images, among other requests. (App. For TRO and Prelim. Inj., Dkt. 12). The Court held a hearing concerning Plaintiff's motion on June 14, 2023. (Dkt. 41). On June 26, 2023, Defendant filed an amended response and countermotion for preliminary injunction. (Dkt. 57). Plaintiff then filed a motion to strike certain exhibits submitted by Defendant in support of his response to the motion for preliminary injunction on June 26, 2023. (Dkts. 53, 55).

On May 26, 2023, while Plaintiff's motion for preliminary injunction was pending, the Clerk of Court entered default against Defendant for failure to defend this action. (Dkt. 26). Defendant moved to set aside the entry of default on July 7, 2023. (Dkt. 76). Defendant filed a brief in support on July 17, 2023, (Dkt. 79), and Plaintiff filed a brief in opposition on July 21, 2023. (Dkt. 80).

On June 20, 2023, Defendant filed a motion to dismiss Plaintiff's claims for failure to state a claim. (Dkt. 48). Plaintiff filed a response on July 5, 2023. (Dkt. 71). Defendant also filed an answer to Plaintiff's complaint on June 26, 2023. (Dkt. 56). On July 11, 2023, Plaintiff filed a motion to dismiss and strike Defendant's answer and counterclaim, (Dkt. 77).

## II. ANALYSIS

### A. Motion to Vacate Entry of Default

The Court will begin by considering Defendant's motion to vacate default judgment, which the Court construes as a motion to set aside the entry of default, (Dkt. 76). Under Federal Rule of Civil Procedure 55(c), a court may set aside a Clerk's entry of default for "good cause." Fed. R. Civ. P. 55(c). In determining whether "good cause" exists, courts must consider several equitable factors, including: (1) whether the default was willful, (2) the extent of prejudice to plaintiff, and (3) the merits of a defendant's asserted defense. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

Defendant argues that his failure to timely answer the complaint was not willful because he was not properly served until June 7, 2023. (Mot., Dkt. 76, at 2–3). Plaintiff disputes this assertion, insisting that the certificate of service is *prima facie* evidence that Defendant was properly served on April 24, 2023. (Resp., Dkt. 82, at 11–14). Plaintiff further argues that Defendant has not countered this *prima facie* evidence of proper service. Indeed, in the context of a motion to dismiss for insufficient service of process, "[a] signed return of service constitutes *prima facie* evidence of valid service." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (internal quotation marks omitted). It is not, however, *prima facie* evidence of willfulness.

In general, doubts should "be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960). Defendant has raised sufficient doubts to justify setting aside the entry of default. At the contempt hearing on June 7, 2023, Defendant testified that he had been unaware of the lawsuit until he was arrested for contempt of court. (Min. Entry, Dkt. 34). At the preliminary injunction hearing on June 14, 2023, the Court invited arguments from the parties on the issue of service. (Min. Entry, Dkt. 41). Defendant's testimony revealed apparent inconsistencies with service that Plaintiff was unable to clarify. Notwithstanding Plaintiff's response, which was filed more than a month after the Court first

allowed the parties to address the issue of service, and for the reasons discussed at the preliminary injunction hearing, (Dkt. 41), the Court finds that Defendant's default was not willful.

Furthermore, the Court finds that setting aside the default will not delay this action or otherwise prejudice Plaintiff. A plaintiff's interests are prejudiced when "the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 292. First, Plaintiff argues that she will incur additional legal fees to prosecute her claims against Defendant, and that she does not have the means to litigate this case on her own. (Resp., Dkt. 14). But there is no prejudice to the plaintiff where "the setting aside of the [entry of] default has done no harm to plaintiff except to require [her] to prove [her] case," as is the case here. *Gen. Tel.*, 277 F.2d at 921. Plaintiff cites *Roper* to argue that courts have found prejudice when setting aside a default would cause a plaintiff to incur additional fees. 2013 WL 12290262, at *2. However, in *Roper*, the defendant sought to vacate a default *judgment* a year after it was granted. *Id.* Here, no judgment has been entered. Defendant, appearing pro se, moved to set aside the Clerk's entry of default within a month of his first appearance. Although he has since filed numerous procedurally deficient—and at times baseless—motions, Plaintiff has not sufficiently established that Defendant's actions amount to a pattern that required her to do more than continue to prosecute her case. Plaintiff also argues that vacating the entry of default would give Defendant an opportunity to attempt to intimidate and harass Plaintiff and her witnesses, but this argument is speculative, and Plaintiff has not shown that her ability to litigate her claim has been materially impaired.

Finally, the Court finds that Defendant has presented a facially legitimate defense against Plaintiff's claims. At the preliminary injunction hearing, Defendant introduced evidence of a model release allegedly signed by Plaintiff, which authorizes Defendant's commercial use of the pictures at issue. (Min. Enty., Dkt. 41). If valid, the release would likely defeat at least some of Plaintiff's claims under 15 U.S.C. § 6851, and Texas Civil Practice and Remedies Code § 98B, and, depending on the

terms of the contract, could do so even if Plaintiff can establish that she later verbally withdrew her consent. Plaintiff argues that Defendant falsified and forged this document, (Resp., Dkt. 82, at 19–20), but once a witness has testified that a document is what it is claimed to be—as Defendant has done—a final determination as to its weight and credibility rests on the finder of fact. *U.S. v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009). For these reasons, the Court will set aside the entry of default.

### B. Motion to Appoint Counsel

Defendant also seeks appointment of counsel. (Mot., Dkt. 73). No constitutional right to appointment of counsel exists in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel for an indigent party unless "exceptional circumstances" exist, which in turn depends on "the type and complexity of the case and the abilities of the individual pursuing that case." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986)). In determining whether exceptional circumstances exist, courts consider (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present the case; (3) the plaintiff's ability to adequately investigate the case; and (4) whether the evidence will "consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A court "should also consider whether the appointment of counsel would be a service to" the plaintiff, the court, and the defendant "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.* District courts must generally make specific findings explaining the basis for denying a request to appoint counsel. *McAlister v. Livingston*, 348 F. App'x 923, 941 (5th Cir. 2009).

Defendant does not claim to be indigent nor has he submitted evidence of indigence. Furthermore, at this stage in the litigation, the Court finds that this case appears to raise neither novel nor complex issues. The complaint was filed on April 24, 2023, and no trial is yet scheduled.

Although 15 U.S.C. § 6851 is a fairly new amendment to the Violence Against Women Act, it is too soon to know whether the presentation of evidence and legal argument during litigation or at trial will be sufficiently complex that the Court would be justified in appointing counsel to represent Defendant. Accordingly, the Court declines to appoint counsel to represent Defendant at this time, without prejudice to considering a renewed request at a later stage in the proceeding.

### C. Defendant's Rule 12(b)(6) Motion to Dismiss

Defendant has filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (Dkt. 48). Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Although Defendant styles his motion as a motion to dismiss for failure to state a claim, each of his arguments attack Plaintiff's credibility and the truthfulness of her allegations. Defendant does not argue that Plaintiff's allegations, if proven true, would not entitle her to relief. Since Plaintiff's complaint states a claim to relief that is plausible on its face, and Defendant fails to present any arguments to the contrary, the Court will deny his motion.

### D. Plaintiff's Motion for Preliminary Injunction

Having addressed Defendant's motions, the Court will proceed to consider Plaintiff's motion for preliminary injunction. Plaintiff filed an Emergency Application for Preliminary Injunction on April 25, 2023. (Dkt. 12). The Court held a preliminary injunction hearing on June 14, 2023. (Min. Entry, Dkt. 41). On June 26, 2023, Defendant filed an amended Motion to Contest Emergency Application for Temporary Restraining Order and Countermotion to Request Preliminary Injunction, which the Court will construe as a response to Plaintiff's motion. (Dkt. 57). That same day, Plaintiff filed a Motion to Strike the Submission of Certain Exhibits. (Dkt. 55). The Court will consider Plaintiff's motion to strike before addressing her motion for preliminary injunction.

### 1. Motion to Strike

At the preliminary injunction hearing, Defendant submitted into evidence two documents allegedly signed by Plaintiff, titled "Model Release Form" and "18 U.S.C. § 2257 Records Keeping for Models" form. (Min. Entry, Dkt. 41). Plaintiff contends that these documents were falsified and ask the court to strike them from the record.

Federal Rule of Evidence 901(a) requires that all evidence be authenticated or identified, and that the introducing party must "provide evidence sufficient to support a finding that the item is what the proponent claims it is." *United States v. Jasso*, No. 21-40790, 2023 WL 1879405, at *3 (5th Cir. Feb. 10, 2023) (citing Fed. R. Evid. 901(b)). But the standard for authentication "is not a burdensome standard." *Barlow*, 568 F.3d at 220. "Testimony by a witness with knowledge that the 'matter is what it is claimed to be' can be enough to prove the thing's authenticity.'" *Id.* (citing Fed. R. Evid. 901(b)(1)). "The ultimate responsibility for determining whether evidence is what its proponent says it is rests with" the finder of fact. *Id.* (citing *United States v. Smith*, 481 F.3d 259, 265 (5th Cir. 2007). In determining the authenticity of a signed document or other handwriting, "the

fact-finder can make its own handwriting analysis" and "is entitled to draw its own conclusions as to the genuineness of the signatures by making a comparison with an authentic signature." *Sanchez v. Kerry*, 2014 WL 2932275, at *5 (June 27, 2014), aff'd, 648 F. App'x 386 (5th Cir. 2015) (citing Fed. R. Evid. 901(b)(3)).

Based on the evidence available, the Court will deny Plaintiff's motion to strike. At the hearing, Defendant testified that Plaintiff gave Defendant her consent to share her photographs by signing the two forms at issue. Gipson further testified that he had filled out portions of the forms with black ink while Plaintiff had filled out other portions in blue ink. Plaintiff argues that Defendant's representations are false, and she presents declarations, writing samples, and signature samples in support of her argument that the signatures on these documents are inauthentic. Nonetheless, Defendant is a witness with relevant knowledge, and his testimony meets the Rule 901(b) standard. Although Plaintiff's declarations and evidence raise questions as to the credibility of Defendant's evidence, these issues go to the weight of the evidence, which the Court will consider in evaluating her motion for preliminary injunction.

## 2. Motion for Preliminary Injunction

Having declined to strike Defendant's evidence, the Court will examine the merits of Plaintiff's motion for injunctive relief. A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

At this early juncture, Plaintiff has failed to show that she is likely to succeed on the merits of her claims, either under 15 U.S.C. § 6851 or Texas Civil Practice & Remedies Code § 98B. Both statutes require a defendant to have disclosed images without the consent of the aggrieved individual. As discussed above, Defendant has introduced two model releases appearing to reflect Plaintiff's consent to the dissemination of the pictures at issue. Defendant also testified as to the authenticity of these documents.

A valid release would likely defeat Plaintiff's claim. While Plaintiff disputes the authenticity of her signature on the documents and provided writing and signature samples for the Court to analyze, Plaintiff's evidence does not sufficiently undermine the credibility of Defendant's testimony at this stage. Based on the current evidentiary record, the Court cannot find that Plaintiff has shown a likelihood that she will succeed on the merits of her claim.

### E. Plaintiff's Motion to Dismiss and Motion to Strike Defendant's Answer and Counterclaim

Finally, Plaintiff asks the Court to dismiss Defendant's counterclaim for defamation for failure to state a claim, and to strike certain accusations in Defendant's answer as immaterial, irrelevant, impertinent, or scandalous. (Dkt. 77).[1]  Defendant has not filed a response to this motion.

#### 1. Rule 12(b)(6) Motion to Dismiss

Plaintiff argues that Defendant's counterclaim for defamation should be dismissed under Rule 12(b)(6) because the alleged defamatory statements were made in pleadings filed in this case and are thus protected by the absolute judicial-proceedings privilege under Texas law. (*Id.* at 15). Plaintiff also argues that the counterclaim does not plausibly allege any specific statements that are defamatory. (*Id.*).

---

[1] Plaintiff also argues that Defendant's pleadings should be stricken as procedurally deficient because they were filed after the Clerk's entry of default against him. (Mot., Dkt. 77, at 12–15). The Court has already set aside the entry of default; therefore, this argument is moot.

Defendant's counterclaim for defamation is governed by Texas law. Under Texas law, the judicial-proceedings privilege provides complete protection to litigants and their counsel from defamation claims. *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982). This privilege renders communications made during the course of a judicial proceeding immune from civil actions for libel or slander, regardless of the presence of negligence or malice. *Id.* The privilege extends to statements made by judges, jurors, counsel, parties, and witnesses, encompassing all aspects of the proceedings, including open court statements, pre-trial hearings, depositions, affidavits, and pleadings. *Id.* at 916–17. Indeed, the privilege prohibits any tort litigation based on communications made during judicial proceedings. *Collins v. Zolnier*, No. 09-17-00418-CV, 2019 WL 2292333, at *3 (Tex. App. May 30, 2019).

Here, Defendant's defamation counterclaim is based on statements in Plaintiff's complaint, which are squarely within the judicial-proceedings privilege. Therefore, the Court will dismiss the counterclaim.

### 2. Motion to Strike Pursuant to Rule 12(f)

Plaintiff argues that the Court should exercise its authority under Rule 12(f) to strike certain allegations and defenses in Defendant's answer as immaterial, irrelevant, impertinent, or scandalous.

#### a. *Defendant's Defenses*

Plaintiff asks the Court to strike three of Defendant's affirmative defenses as immaterial or irrelevant: (1) that he has a constitutional right to freedom of speech and expression; (2) that he has legal rights as a copyright owner of the images; and (c) that he lacked malicious intent. (Mot., Dkt. 77, at 18). The Court will strike the first two defenses.

As to the first defense, Defendant's answer simply asserts his "constitutional right to freedom of speech and expression." (Answer & Counterclaim, Dkt. 18, at 6). Defendant does not allege that any of the relevant statutes are unconstitutional; in fact, Defendant makes no other

reference to his right to freedom of speech. First Amendment rights are not actionable against individuals; accordingly, the Court will strike this defense as immaterial and irrelevant. As to the second defense, Defendant's copyrights are irrelevant. Although copyright law may arguably cover rights related to reproduction and distribution of Defendant's work, none of those rights would prevent liability under 15 U.S.C. § 6851. Therefore, the Court will also strike this defense as immaterial and irrelevant.

However, the Court will not strike Defendant's defense regarding a lack of malicious intent. Neither the Texas statute nor the federal statute have a "malice" requirement. Nonetheless, Defendant's specific allegations regarding "malintent" could support a finding that he did not act with knowledge or reckless disregard toward whether Plaintiff consented to the disclosures, as required by 15 U.S.C. § 6851.

*b. Defendant's Allegations*

Plaintiff also asks the Court to strike several of Defendant's allegations against Plaintiff as redundant, irrelevant, impertinent, or scandalous. First, Plaintiff claims that because Defendant filed his answer and counterclaim twice, one of these pleadings should be stricken as redundant. This request is moot. The Court construes Defendant's second filing, (Dkt. 56), as an amended answer and counterclaim, and as the relevant live pleading.

Plaintiff also claims that Defendant's allegation about Plaintiff's "financial instability" should be stricken as irrelevant, as it serves no purpose but to humiliate and harass Plaintiff. The Court agrees, and since Defendant has not purported to tie this allegation to any counterclaim, defense, or denial of Plaintiff's allegations, it will be stricken from Defendant's answer. *See Momentum Mktg. Sales & Serv., Inc. v. Curves Int'l, Inc.*, No. W-07-CA-048, 2008 WL 11334568, *2 (W.D. Tex. June 25, 2008) (granting defendant corporation's motion to strike plaintiff's allegations concerning defendant's failure to disclose its CEO's prior bankruptcy because the plaintiff "fail[ed] to demonstrate any

11

connection between the non-disclosure of [the CEO's] bankruptcy and the issues in this case" and, therefore, the allegations were "immaterial.").

The Court will also strike Defendant's allegation that Plaintiff delayed filing suit for six months "in the midst of a separate legal dispute between [the parties]." (Answer & Counterclaim, Dkt. 56, at 6). Defendant does not argue that the statute of limitation has passed, nor does he provide any other explanation for this allegation. Therefore, the Court finds this allegation, and the related allegations concerning a broader "ongoing legal battle," (*id.*), should be stricken. *See Watts v. Kroger*, 170 F.3d 505, 510–11 (5th Cir. 1999) (finding that defendant could not, as a matter of law, assert an affirmative defense to plaintiff's sexual harassment and retaliation claims on the basis that she had delayed reporting the sexual harassment for three months); *Hill Country Bakery, LLC v. Honest Kitchens Grp.*, LLC, No. 5:17-CV-334-DAE, 2017 WL 9362706, *6 (W.D. Tex. Dec. 11, 2017) (granting, in relevant part, plaintiff's motion to strike defendant's affirmative defense because the defense is "irrelevant to Plaintiff's claims . . . immaterial . . . and insufficient as a matter of law").

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendant Mark A. Gipson's Motion to Set Aside Entry of Default, (Dkt. 76), is **GRANTED**. **IT IS FURTHER ORDERED** that the Clerk's entry of default, (Dkt. 26), against Defendant is **VACATED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel, (Dkt. 73), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim, (Dkt. 48), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike the Submission of Certain Exhibits, (Dkts. 53, 55), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction, (Dkt. 12), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Contest Preliminary Injunction, (Dkt. 57), is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Dismiss and Motion to Strike Defendant's Answer and Counterclaim, (Dkt. 77), is **GRANTED IN PART AND DENIED IN PART**. Defendant's First Amendment and copyright defenses, (Answer, Dkt. 56, at 6), are **STRICKEN** as immaterial and irrelevant. Defendant's allegations regarding Plaintiff's alleged financial instability, (*id.* at 5), and the timing of the complaint, (*id.* at 6), are **STRICKEN** as immaterial and irrelevant. The motion is **DENIED** in all other respects.

**SIGNED** on August 23, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE