IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-463-RP |
| | § | |
| MARK A. GIPSON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Jane Doe's ("Plaintiff") Motion for Preliminary Injunction. (Dkt. 12). On August 23, 2023, the Court denied the motion. (Dkt. 83).[1] On September 29, 2023, Plaintiff filed an Opposed Motion Under Rule 59(e) to Amend the Judgment Regarding Plaintiff's Motion for a Preliminary Injunction and Defendant's Motion to Set Aside the Default. (Dkt. 86). On November 16, 2023, the Court granted in part Plaintiff's motion for reconsideration with respect to Plaintiff's motion for a preliminary injunction. (Dkt. 94). In order to determine whether to grant Plaintiff's motion for a preliminary injunction, (Dkt. 12), on November 30, 2023, the Court held a renewed hearing on the motion, at which Plaintiff presented no witnesses. (Min. Entry, Dkt. 98). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion for preliminary injunction should be denied.

## I. BACKGROUND

Plaintiff alleges that Defendant Mark A. Gipson ("Gipson") took many sexually explicit pictures of her during an international trip, that she did not consent to some of the pictures, that she felt coerced to consent to others, and that she did not agree to let Gipson use any pictures for

---

[1] The Court also granted Defendant Mark A. Gipson's Motion to Set Aside Entry of Default, (Dkt. 76). (Dkt. 83).

commercial purposes. (Compl., Dkt. 1, at 8–13). She alleges that Gipson has refused to give her the

pictures and that he has tried to ask her for money in exchange for the pictures. (*Id.* at 13, 16–17).

She further alleges that Gipson threatened to make the pictures public. (*Id.* at 14–17). Plaintiff also

alleges that Gipson posted defamatory information about her online, including calling her an escort

and a sex worker on social media. (*Id.* at 14–15). According to Plaintiff, Gipson also: (1) sent

intimate visual depictions of her to friends and family; (2) published intimate depictions of her on an

Instagram account, in which he is allegedly impersonating Plaintiff; and (3) published intimate

depictions of her on websites, all without her permission. (*Id.* at 16–17, 22, 25–28, 28–31).

Plaintiff filed her complaint on April 24, 2023. (*Id.*). She brings claims for unauthorized

disclosure of intimate images under the Violence Against Women Reauthorization Act (VAWRA),

15 U.S.C. § 6851, and Texas Civil Practice and Remedies Code § 98B, along with other state tort

claims. (*Id.* at 33–57). On April 25, 2023, Plaintiff moved for a temporary restraining order and

preliminary injunction ordering Gipson to remove any of the alleged intimate visual depictions from

websites and social media, and preventing Gipson from posting more images, among other requests.

(App. TRO and Prelim. Inj., Dkt. 12). The Court held a hearing concerning Plaintiff's motion on

June 14, 2023. (Min. Entry, Dkt. 41). On June 26, 2023, Gipson filed an amended response and

countermotion for preliminary injunction. (Dkt. 57).

On August 23, 2023, the Court granted Gipson's Motion to Set Aside Entry of Default,

(Dkt. 76), and denied Plaintiff's Motion for Preliminary Injunction, (Dkt. 12). (Dkt. 83). The Court's

decision rested on the fact that at the preliminary injunction hearing, (Min. Entry, Dkt. 41), Plaintiff

did not present evidence sufficient to undermine Gipson's testimony and the evidence that he

introduced at the hearing. (Dkt. 83, at 8–9). Thus, the Court found that Plaintiff had not shown a

likelihood of success on the merits. (*Id.* at 9).

On September 29, 2023, Plaintiff filed an Opposed Motion Under Rule 59(e) to Amend the Judgment Regarding Plaintiff's Motion for a Preliminary Injunction and Defendant's Motion to Set Aside the Default. (Dkt. 86). Plaintiff included four declarations from other women who alleged that Gipson behaved similarly with them, which Plaintiff alleged undermined the credibility of Gipson's testimony. (Dkts. 86-2, 86-3, 86-4, 86-5). Three of the four declarations also contained a number of exhibits. (Dkts. 86-2, 86-3, 86-5). On November 16, 2023, the Court granted in part Plaintiff's motion for reconsideration with respect to Plaintiff's motion for a preliminary injunction. (Dkt. 94). In order to determine whether to grant Plaintiff's motion for a preliminary injunction, (Dkt. 12), on November 30, 2023, the Court held a renewed hearing on the matter. (Min. Entry, Dkt. 98). At the hearing, Gipson and counsel for Plaintiff appeared. (*Id.*). After Plaintiff did not present any witnesses and instead rested on the four declarations in her motion for reconsideration, the Court indicated that it would deny the motion for preliminary injunction. This order provides further analysis in support of that decision.

## II. LEGAL STANDARDS

### A. Reconsideration

Plaintiff states incorrectly that her motion is brought under Federal Rule of Civil Procedure 59(e). "Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up). Decisions are interlocutory, not final, when their resolution does not end the action. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). In such cases, as here, Rule 54(b) provides the correct standard for deciding a motion for reconsideration. *Id.* The Court therefore considers Plaintiff's motion under Rule 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of

new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).

**B. Preliminary Injunction**

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

**III. DISCUSSION**

Applying these standards, the Court does not find good cause to reverse course and enter a preliminary injunction. Here, the Court's analysis begins and ends with the finding that Plaintiff has again failed to meet her burden of showing a likelihood of success on the merits. The Court initially denied Plaintiff's motion for a preliminary injunction on August 23, 2023, because at the first preliminary injunction hearing, (Min. Entry, Dkt. 41), Plaintiff did not present evidence sufficient to undermine Gipson's live testimony and the evidence that he introduced at the hearing. As the Court noted in its first order denying the preliminary injunction:

> At the hearing, Defendant testified that Plaintiff gave Defendant her consent to share her photographs by signing the two forms at issue. Gipson further testified that he had filled out portions of the forms with black ink while Plaintiff had filled out other portions in blue ink. Plaintiff argues that Defendant's representations are false, and she presents declarations, writing samples, and signature samples in

4

> support of her argument that the signatures on these documents are inauthentic. . . .
>
> A valid release would likely defeat Plaintiff's claim. While Plaintiff disputes the authenticity of her signature on the documents and provided writing and signature samples for the Court to analyze, Plaintiff's evidence does not sufficiently undermine the credibility of Defendant's testimony at this stage. Based on the current evidentiary record, the Court cannot find that Plaintiff has shown a likelihood that she will succeed on the merits of her claim.

(Dkt. 83, at 8–9).

A month after the Court's decision, Plaintiff filed her motion for reconsideration, which contained four declarations from other women who alleged that Gipson behaved similarly with them. (Dkts. 86-2, 86-3, 86-4, 86-5). Plaintiff alleged that these declarations undermined the credibility of Gipson's testimony and stated that Plaintiff had not been known about these women at the time of her initial motion for a preliminary injunction. (Dkt. 86, at 1). The Court granted Plaintiff's motion for reconsideration, (Dkt. 94), and on November 30, 2023 held a renewed hearing to give Plaintiff the opportunity to present new evidence and meet her burden of proof, (Min. Entry, Dkt. 98).

At the hearing, however, only Gipson and one lawyer for Plaintiff appeared. (*Id.*). After Plaintiff did not present any witnesses and instead chose to rely on the four declarations in the motion for reconsideration, the Court indicated that it would deny the motion for preliminary injunction. As the Court emphasized at the hearing, the insurmountable difficulty for Plaintiff is that she again failed to provide any testimonial evidence[2] to undermine the credibility of Gipson's live testimony at the first preliminary injunction hearing, (Min. Entry, Dkt. 41), in which he testified to the existence of a valid release form, which would likely prove fatal to Plaintiff's claims. The Court cannot grant the extraordinary relief of a preliminary injunction on the basis of new declarations that

---

[2] Plaintiff has not presented witnesses at any of the hearings thus far in this case. (Min. Entries, Dkts. 22, 34, 41, 98).

are in direct contravention of Gipson's previous live testimony under oath, as Gipson was not able to cross-examine these declarants and the Court was unable to make a credibility determination as to those declarants. Simply put, because Plaintiff has again failed to carry her burden of showing a likelihood of success on the merits, the Court finds that Plaintiff is not entitled to a preliminary injunction. As the Court finds that Plaintiff cannot show a likelihood of success on the merits, the Court finds that it is not necessary to analyze the other three preliminary injunction factors.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Motion for Preliminary Injunction, (Dkt. 12), is **DENIED**.

SIGNED on December 7, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE