IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-463-RP |
| | § | |
| MARK A. GIPSON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Jane Doe's ("Plaintiff") Opposed Motion to Certify Court Order for Appellate Review, (Dkt. 96), in which Plaintiff asks the Court to certify its November 16, 2023 order denying in part Plaintiff's Opposed Motion Under Rule 59(e) to Amend the Judgment Regarding Plaintiff's Motion for a Preliminary Injunction and Defendant's Motion to Set Aside the Default, (Dkt. 86), with respect to the entry of default. Defendant Mark A. Gipson ("Gipson") filed a response in opposition. (Dkt. 97). On November 30, 2023, the Court held a hearing in which the motion was discussed. (Minute Entry, Dkt. 98). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion should be denied.

## I. BACKGROUND

Plaintiff alleges that Gipson took many sexually explicit pictures of her during an international trip, that she did not consent to some of the pictures, that she felt coerced to consent to others, and that she did not agree to let Gipson use any pictures for commercial purposes. (Compl., Dkt. 1, at 8–13). She alleges that Gipson has refused to give her the pictures and that he has tried to ask her for money in exchange for the pictures. (*Id.* at 13, 16–17). She further alleges that Gipson threatened to make the pictures public. (*Id.* at 14–17). Plaintiff also alleges that Gipson posted defamatory information about her online, including calling her an escort and a sex worker on

social media. (*Id.* at 14–15). According to Plaintiff, Gipson also: (1) sent intimate visual depictions of her to friends and family; (2) published intimate depictions of her on an Instagram account, in which he is allegedly impersonating Plaintiff; and (3) published intimate depictions of her on websites, all without her permission. (*Id.* at 16–17, 22, 25–28, 28–31).

Plaintiff filed her complaint on April 24, 2023. (*Id.*). She brings claims for unauthorized disclosure of intimate images under the Violence Against Women Reauthorization Act (VAWRA), 15 U.S.C. § 6851, and Texas Civil Practice and Remedies Code § 98B, along with other state tort claims. (*Id.* at 33–57).

On May 26, 2023, the Clerk of Court entered default against Gipson for failure to defend this action. (Dkt. 26). Gipson moved to set aside the entry of default on July 7, 2023. (Dkt. 76). Gipson filed a brief in support on July 17, 2023, (Dkt. 79), and Plaintiff filed a brief in opposition on July 21, 2023. (Dkt. 80).

On August 23, 2023, the Court granted Gipson's Motion to Set Aside Entry of Default, (Dkt. 76), and denied Plaintiff's Motion for Preliminary Injunction, (Dkt. 12). (Dkt. 83). The Court's decision rested on the fact that Gipson "ha[d] raised sufficient doubts to justify setting aside the entry of default." (*Id.* at 3).

On September 29, 2023, Plaintiff filed an Opposed Motion Under Rule 59(e) to Amend the Judgment Regarding Plaintiff's Motion for a Preliminary Injunction and Defendant's Motion to Set Aside the Default. (Dkt. 86). Plaintiff's motion for reconsideration contained no additional evidence regarding service, instead relying on declarations from other women who alleged that Gipson behaved similarly with them, which Plaintiff alleged undermined the credibility of Gipson's prior testimony. (Dkts. 86-2, 86-3, 86-4, 86-5). Three of the four declarations also contained a number of exhibits. (Dkts. 86-2, 86-3, 86-5). On November 16, 2023, the Court denied in part Plaintiff's motion for reconsideration with respect to the Court's order granting Gipson's motion to set aside

entry of default. (Dkt. 96). Plaintiff then filed her Opposed Motion to Certify Court Order for

Appellate Review. (Dkt. 96). At the renewed hearing on the motion for preliminary injunction,

(Minute Entry, Dkt. 98), the Court indicated that it was inclined to grant the motion to certify;

however, upon further reflection, the Court finds that the motion to certify must be denied because

Plaintiff has not convinced the Court that she has met the statutory requirements for certification

under 28 U.S.C. § 1292(b).

## II. LEGAL STANDARD

28 U.S.C. § 1292(b) permits a district judge to, under certain circumstances, certify an issue

for interlocutory appeal. The statute reads in part:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order
> involves a controlling question of law as to which there is substantial
> ground for difference of opinion and that an immediate appeal from
> the order may materially advance the ultimate termination of the
> litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Thus, the movant must convince the Court that its order involved (1) "a controlling question

of law," (2) that there is "substantial ground for difference of opinion" about the question of law,

and (3) that "an immediate appeal from the order may materially advance the ultimate termination of

the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). "All three of these criteria must be

met for an order to properly be certified for interlocutory appeal." *Crankshae v. City of Elgin*, 2020

WL 1866884, at *1 (W.D. Tex. Apr. 14, 2020) (citing *Clark–Dietz & Associates–Engineers, Inc. v. Basic

Constr. Co.,* 702 F.2d 67, 69 (5th Cir. 1983)). "The burden of demonstrating the necessity of an

interlocutory appeal is on the moving party." *In re L.L.P. & D. Marine, Inc.,* 1998 WL 66100, at *1

(E.D. La. Feb. 13, 1998) (citing *Orson, Inc. v. Miramax Film Corp.,* 867 F. Supp. 319, 320 (E.D. Pa.

1994)).

"Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Mae v. Hurst*, 613 Fed. Appx. 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which the statutory criteria are met. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985); *accord Clark–Dietz*, 702 F.2d at 69 ("Section 1292(b) appeals are exceptional."). Further, "[t]he decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th. Cir. 1987), *vacated on other grounds by Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 1033 (1989); *see Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J., dissenting) ("[T]he decision whether to allow an [interlocutory] appeal lies in the first instance in the District Court's sound discretion.").

### III. DISCUSSION

In determining whether to certify a ruling for interlocutory appeal, all three requirements must exist to justify granting this extraordinary remedy. *See Crankshae*, 2020 WL 1866884, at *1. The Court finds that this is not one of those exceptional cases that so merits such exceptional relief as there is neither a controlling question of law nor a substantial ground for difference of opinion about the question of law.

#### A. A Controlling Question of Law

There is no controlling question of law here. Generally, when determining whether there is a controlling question of law, courts examine the ruling's "potential to have some impact on the course of the litigation." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). At one end of the continuum, courts have found issues to be controlling "if reversal of the district court's

opinion would result in dismissal of the action." *Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96 CIV. 2136(RWS), 1997 WL 473566, at *7 (S.D.N.Y. Aug. 18, 1997) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)) (other citations omitted). An issue of law has also been termed controlling where "the certified issue has precedential value for a large number of cases." *Id.* On the other hand, an issue is not seen as controlling if its resolution on appeal "would have little or no effect on subsequent proceedings." John C. Nagel, Note, *Replacing the Crazy Quilt of Interlocutory Appeals Jurisprudence with Discretionary Review*, 44 Duke L.J. 200, 212 (1994).

Beyond the controlling nature of the decision, courts typically look to whether there is a question of law, not fact. *Ryan*, 444 F. Supp. 2d at 722 (citing *Ahrenholz v. Bd. of Trustees of U. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)). Here, though a reversal of the entry of default would resolve the lawsuit, the question of whether vacating the entry of default was proper turns on only issues of facts. Plaintiff disputes whether the evidence shows that Gipson's default was willful or not, not whether the Court applied the wrong standard in so deciding. (Dkt. 96, at 5–8). Accordingly, the factual nature of Plaintiff's issue with the Court's prior decisions on the issue of default counsels against certification.

### B. A Substantial Ground for Difference of Opinion About the Question of Law

The Court also finds that there is not a substantial ground for difference of opinion about the question of law involved in the issue of whether to set aside an entry of default. A "substantial ground for difference of opinion" typically exists where: (1) "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue;" (2) "the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point;" (3) "complicated questions arise under foreign law;" (4) or novel and difficult questions of first impression are presented." *Holcombe v. United States*, No. 5:18-CV-1151, 2019 WL 13080126, at

*2–3 (W.D. Tex. Sept. 10, 2019) (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006)). None of these scenarios exist here.

Under Federal Rule of Civil Procedure 55(c), a court may set aside a Clerk's entry of default for "good cause." Fed. R. Civ. P. 55(c). In determining whether "good cause" exists, courts must consider several equitable factors, including: (1) whether the default was willful, (2) the extent of prejudice to plaintiff, and (3) the merits of a defendant's asserted defense. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The Court initially granted Gipson's motion to set aside entry of default on August 23, 2023, because Gipson "ha[d] raised sufficient doubts to justify setting aside the entry of default." (Dkt. 83, at 3). Gipson testified in two different hearings that he had not been properly served until his contempt hearing on June 7, 2023. (Min. Entries, Dkts. 34 and 41). At the preliminary injunction hearing on June 14, 2023, the Court allowed the parties to make arguments about the issue of service, (Min. Entry, Dkt. 41), but Plaintiff did not present evidence sufficient to undermine Gipson's live testimony and the evidence that he introduced at the hearing. As the Court noted in its first order vacating the entry of default:

> At the contempt hearing on June 7, 2023, Defendant testified that he had been unaware of the lawsuit until he was arrested for contempt of court. At the preliminary injunction hearing on June 14, 2023, the Court invited arguments from the parties on the issue of service. Defendant's testimony revealed apparent inconsistencies with service that Plaintiff was unable to clarify.

(Dkt. 83, at 3) (citations omitted).

The Court also found that Plaintiff would not be prejudiced by the setting aside of the entry of default and that Gipson had presented a potentially valid release form, which would likely prove fatal to Plaintiff's claims. (*Id.* at 3–4).

Plaintiff's motion for reconsideration contained no additional evidence regarding service, instead relying on declarations from other women who alleged that Gipson behaved similarly with them, which Plaintiff alleged undermined the credibility of Gipson's prior testimony. (Dkts. 86-2,

86-3, 86-4, 86-5). Simply put, Plaintiff provided no evidence to sufficiently undermine the credibility of Gipson's sworn testimony under oath. This deficiency led the Court to deny in part Plaintiff's motion for reconsideration with respect to the default issue. (Dkt. 96). In summary, the Court made credibility determinations based on the evidence in front of it and then applied well-settled law to these facts.

The present dispute about whether the Court was correct in setting aside Gipson's default is not a situation in which there exists a substantial ground for difference of opinion about the question of law. This issue is not one in which this Court is ruling on a legal issue in a way that differs from other courts of appeals or regarding an issue that the courts of appeals are in dispute on. Nor is it an issue that arises under foreign law or an issue of first impression. Instead, the present dispute is one in which the Court applied the unique facts of this case to the well-settled jurisprudence regarding default. There is no basis to believe that other courts would come out differently on a question well within the discretion of the district court. The only substantial difference of opinion here seems to be Plaintiff's disagreement with this Court's decision to set aside the default. Such disagreement cannot establish a substantial ground for difference of opinion sufficient to satisfy the statutory requirements for an interlocutory appeal because if it could, "then the majority of orders issued by district courts would be ripe for interlocutory appeal." *Holcombe*, 2019 WL 13080126, at *3 (quoting *Texas v. Ysleta del Sur Pueblo*, 370 F. Supp. 3d 705, 710 (W.D. Tex. 2018)). Accordingly, the Court finds that the second requirement for certification is not met.

### C. Whether an Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation

Finally, while certification would advance the ultimate termination of the litigation were the Court of Appeals to reverse this Court's decision to set aside the entry of default, the Court finds that it need not delve into the likelihood of this situation given that the other two requirements for certification have not been met. Therefore, the Court will decline to certify the issue for appeal.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Opposed Motion to Certify Court Order for Appellate Review, (Dkt. 96), is **DENIED**.

**SIGNED** on December 7, 2023.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE