IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANE DOE<br><br>       **Plaintiff,**<br><br>vs.<br><br>MARK A. GIPSON<br><br>       **Defendant.** | Civil Action No. 1:23-cv-00463-RP |

## PLAINTIFF'S MOTION FOR ORDER REQUIRING THE PARTIES TO CONFER AND FINALIZE RULE 26 REPORT AND PROPOSED SCHEDULE

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS AND PROCEDURAL HISTORY | 2 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT – THE COURT SHOULD ISSUE AN ORDER COMPELLING MR. GIPSON TO PARTICIPATE IN THIS LITIGATION | 3 |
| V. | CONCLUSION | 4 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Big Thirst, Inc. v. Donoho v. McGinnis*,
   1:22-CV-467-RP (February 27, 2023)...............................................................................4

*Double T. Interests, LLC v. City of Austin*,
   1:20-CV-646-RP (July 8, 2020)........................................................................................4

*Ulser et al. v. Vital Farms*,
   Inc. 1:21-CV-447-RP (May 31, 2022).............................................................................4

**RULES**

Local Civil Rule 16………………………………………………………………...............3, 4

FRCP 16.........................................................................................................................1, 3, 9

FRCP 26....................................................................................................................1, 3, 9, 10

**PLAINTIFF JANE DOE ("Plaintiff" or "Ms. Doe")**, by and through her attorneys, respectfully submits this Motion requesting that the Court issue an order requiring the parties to meaningfully confer and attempt to reach an agreement as to the content of a Joint Rule 26 Report and proposed scheduling order, and file a Joint Rule 26 Report and an agreed proposed scheduling order with dates specified using the Court's form on or before June 14, 2024

## I.  INTRODUCTION

On May 22, 2024, Defendant Mark Gipson ("Mr. Gipson") filed a motion to stay proceedings in this case pending resolution of Ms. Doe's interlocutory appeal of the Court's denial of Ms. Doe's requested preliminary injunction.  D.I. 108.  On May 29, 2024, Ms. Doe filed an opposition to Mr. Gipson's motion to stay, and further cross-moved for an order from the Court requiring the parties to confer and file a Joint Rule 26 Report and agreed proposed scheduling order.  D.I. 109.  On May 30, 2024, the Clerk of the Court notified Ms. Doe's counsel that it should separately file its motion for relief.

As discussed in Ms. Doe's opposition briefing (D.I. 109), despite multiple attempts to engage Mr. Gipson in the Rule 16 and 26 process, to date Mr. Gipson has refused to participate in this litigation, including by failing to provide edits or comments to a proposed procedural schedule and proposed Rule 26 Report.  Indeed, when counsel for Ms. Doe followed up with Mr. Gipson requesting edits or comments to these materials, Mr. Gipson instead notified counsel for Ms. Doe that he intended to file a motion to stay the present proceedings.  Moreover, despite counsel for Ms. Doe informing Mr. Gipson that filing a motion to stay did not relieve him of his obligation to participate in the Rule 16 and 26 process, to date Mr. Gipson has still refused to meaningfully engage, effectively granting himself a stay of these proceedings.

1

Ms. Doe thus respectfully requests that the Court issue an order requiring the parties to meaningfully confer and attempt to reach an agreement as to the content of a Joint Rule 26 Report and proposed scheduling order, and file a Joint Rule 26 Report and an agreed proposed scheduling order with dates specified using the Court's form on or before **June 14, 2024**.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Ms. Doe filed her Complaint in this District on April 24, 2023, seeking damages and injunctive relief against Mr. Gipson for tortious acts including, but not limited to, harassment, defamation, and the non-consensual sharing of Ms. Doe's nude photographs to her friends, coworkers, and the general public. D.I. 1. Specifically, Ms. Doe asserted twelve causes of action under the federal statute for the disclosure of intimate images and eleven causes of action under the Texas State Law Tort Claims for unlawful disclosure or promotion of intimate visual material, stalking, unlawful publicity, defamation, intentional infliction of emotional distress, and negligence *per se*. *Id.*

In addition to asserting the above causes of action, Ms. Doe moved for a preliminary injunction, requesting that the Court enjoin Mr. Gipson from 1) the display or disclosure of intimate images, 2) contacting or coming within one thousand feet of Ms. Doe, Ms. Doe's family, or known contacts of Ms. Doe, and 3) making defamatory statements or disclosing the identity of Ms. Doe. D.I. 45-2. Ms. Doe also requested that the Court order Mr. Gipson to delete the fake Instagram account impersonating Ms. Doe. *Id.* On December 7, 2023, the Court denied Ms. Doe's motion for a preliminary injunction, finding that Ms. Doe's sworn affidavit was insufficient to cast doubt upon Mr. Gipson's live testimony. D.I. 99 at 4-6. On January 8, 2024, Ms. Doe filed an interlocutory appeal of the Court's denial. D.I. 102. This appeal is currently pending before the Fifth Circuit.

Mr. Gipson, having previously opposed Ms. Doe's motion for a preliminary injunction, subsequently filed a motion asking the Court to stay all District Court proceedings pending Ms. Doe's appeal of the preliminary injunction decision. D.I. 108. As discussed in Ms. Doe's opposition briefing, Mr. Gipson fails to demonstrate that a stay is warranted under Fifth Circuit law, and Mr. Gipson should not be allowed to effectively grant himself a stay by continuing to refuse to participate in the Rule 16 and 26 process.

### III. LEGAL STANDARD

"A stay is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The decision to grant a stay pending appeal is "an exercise of judicial discretion," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.*

Western District of Texas Local Rule 16(c) states that "[n]ot later than 60 days after any appearance of any defendant, the parties shall submit a proposed scheduling order to the court in the form described in subdivision (a). The parties first shall confer as required by Rule 26(f)." CV-16(c). Moreover, Rule 26 of the Federal Rules of Civil Procedure states that "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1).

### IV. ARGUMENT – THE COURT SHOULD ISSUE AN ORDER COMPELLING MR. GIPSON TO PARTICIPATE IN THIS LITIGATION

In addition to denying Mr. Gipson's requested stay (D.I. 108), Ms. Doe respectfully requests that the Court issue an order compelling Mr. Gipson to participate in the Rule 16 and 26 process. To date, despite multiple attempts to engage Mr. Gipson in this process, Mr. Gipson has refused to participate in this litigation. For example, counsel for Ms. Doe provided Mr. Gipson

with a proposed procedural schedule, as well as a proposed Rule 26 conference report, requesting his edits on both. *See, e.g.*, Ex. A (May 17 email from B. Hyde to M. Gipson); Ex. B (Draft Joint Rule 26 Report); Ex. C (Draft Joint Motion to Enter Agreed Scheduling Order). Moreover, after being informed by Mr. Gipson that he intended to move for a stay of this litigation, counsel for Ms. Doe informed Mr. Gipson that he is still obligated to participate in the Rule 16 and 26 process while said motion was being considered. Ex. D (May 20 email from B. Hyde to M. Gipson). Yet Mr. Gipson continues to refuse to participate in this process, effectively granting himself a stay of these proceedings.

Ms. Doe thus respectfully requests that the Court issue an order requiring the parties to meaningfully confer and attempt to reach an agreement as to the content of a Joint Rule 26 Report and proposed scheduling order, and file a Joint Rule 26 Report and an agreed proposed scheduling order with dates specified using the Court's form on or before **June 14, 2024**. *See, e.g.*, *Ulser et al. v. Vital Farms*, Inc. 1:21-CV-447-RP (May 31, 2022) (ordering the parties to meet and confer and reach an agreement on a scheduling order); *Big Thirst, Inc. v. Donoho v. McGinnis*, 1:22-CV-467-RP (February 27, 2023) (same); *Double T. Interests, LLC v. City of Austin*, 1:20-CV-646-RP (July 8, 2020) (same).

V. **CONCLUSION**

For the foregoing reasons, Ms. Doe respectfully requests that the Court issue and order requiring the parties to meaningfully confer and attempt to reach an agreement as to the content of a Joint Rule 26 Report and proposed scheduling order, and file a Joint Rule 26 Report and an agreed proposed scheduling order with dates specified using the Court's form on or before **June 14, 2024**.

Dated: May 30, 2024	Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　　/s/ Bradley A. Hyde

Bradley A. Hyde (*pro hac vice*)
Kevin M. Hamilton (*pro hac vice*)
Caitlyn L. Brock (*pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive
Suite 2000
Costa Mesa, CA  92626-1925
Telephone:  (714) 540-1235
Facsimile:  (714) 755-8290
bradley.hyde@lw.com
kevin.hamilton@lw.com
caitlyn.brock@lw.com

Alex Wyman (*pro hac vice forthcoming)*
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
alex.wyman@lw.com

S. Giri Pathmanaban (TSB#: 24074865)
Benjamin J. Behrendt (TSB#: 24130704)
LATHAM & WATKINS LLP
300 Colorado Street
Suite 2400
Austin, TX  78701
Telephone:  (737) 910-7300
Facsimile:  (737) 910-7301
giri.pathmanaban@lw.com
benjamin.behrendt@lw.com


ATTORNEYS FOR Plaintiff
JANE DOE

## CERTIFICATE OF CONFERENCE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify on May 17, 2024, and May 24, 2024, counsel for Plaintiff emailed Defendant seeking his position on a Joint Rule 26 Report and proposed schedule, and that Defendant has refused to participate in that process, and instead moved to stay all proceedings. Counsel for Plaintiff thus files this motion as opposed.

Dated: May 30, 2024 /s/ Bradley A. Hyde
Bradley A. Hyde

## CERTIFICATE OF SERVICE

I hereby affirm that on this 30th day of May, 2024, a true and correct copy of the foregoing document was served by electronic service pursuant to the Federal Rules of Civil Procedure with the Court's CM/ECF electronic filing system. Additionally, a copy of the respective pleading was served to Mr. Gipson's email address.

Dated: May 30, 2024 /s/ Bradley A. Hyde
Bradley A. Hyde