IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-463-RP |
| | § | |
| MARK A. GIPSON, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court is Defendant Mark A. Gipson's ("Gipson") Opposed Motion To Stay District Court Proceedings Pending Interlocutory Appeal. (Dkt. 108). Plaintiff Jane Doe ("Plaintiff") filed a response in opposition to the motion. (Dkt. 109). Also before the Court is Plaintiff's Motion For Order Requiring The Parties To Confer And Finalize Rule 26 Report And Proposed Schedule. (Dkt. 111). Gipson did not respond to the motion.

## I. BACKGROUND

Plaintiff alleges that Gipson took many sexually explicit pictures of her during an international trip, that she did not consent to some of the pictures, that she felt coerced to consent to others, and that she did not agree to let Gipson use any pictures for commercial purposes. (Compl., Dkt. 1, at 8–13). She alleges that Gipson has refused to give her the pictures and that he has tried to ask her for money in exchange for the pictures. (*Id.* at 13, 16–17). She further alleges that Gipson threatened to make the pictures public. (*Id.* at 14–17). Plaintiff also alleges that Gipson posted defamatory information about her online, including calling her an escort and a sex worker on social media. (*Id.* at 14–15). According to Plaintiff, Gipson also: (1) sent intimate visual depictions of her to friends and family; (2) published intimate depictions of her on an Instagram account, in which

1

he is allegedly impersonating Plaintiff; and (3) published intimate depictions of her on websites, all without her permission. (*Id.* at 16–17, 22, 25–28, 28–31).

Plaintiff filed her complaint on April 24, 2023. (*Id.*). She brings claims for unauthorized disclosure of intimate images under the Violence Against Women Reauthorization Act (VAWRA), 15 U.S.C. § 6851, and Texas Civil Practice and Remedies Code § 98B, along with other state tort claims. (*Id.* at 33–57). On April 25, 2023, Plaintiff moved for a temporary restraining order and preliminary injunction ordering Gipson to remove any of the alleged intimate visual depictions from websites and social media, and preventing Gipson from posting more images, among other requests. (App. TRO and Prelim. Inj., Dkt. 12). The Court held a hearing concerning Plaintiff's motion on June 14, 2023. (Min. Entry, Dkt. 41). On June 26, 2023, Gipson filed an amended response and countermotion for preliminary injunction. (Dkt. 57).

On August 23, 2023, the Court granted Gipson's Motion to Set Aside Entry of Default, (Dkt. 76), and denied Plaintiff's Motion for Preliminary Injunction, (Dkt. 12). (Dkt. 83). The Court's decision rested on the fact that at the preliminary injunction hearing, (Min. Entry, Dkt. 41), Plaintiff did not present evidence sufficient to undermine Gipson's testimony and the evidence that he introduced at the hearing. (Dkt. 83, at 8–9). Thus, the Court found that Plaintiff had not shown a likelihood of success on the merits. (*Id.* at 9).

On September 29, 2023, Plaintiff filed an Opposed Motion Under Rule 59(e) to Amend the Judgment Regarding Plaintiff's Motion for a Preliminary Injunction and Defendant's Motion to Set Aside the Default. (Dkt. 86). Plaintiff included four declarations from other women who alleged that Gipson behaved similarly with them, which Plaintiff alleged undermined the credibility of Gipson's testimony. (Dkts. 86-2, 86-3, 86-4, 86-5). Three of the four declarations also contained a number of exhibits. (Dkts. 86-2, 86-3, 86-5). On November 16, 2023, the Court granted in part Plaintiff's motion for reconsideration with respect to Plaintiff's motion for a preliminary injunction. (Dkt. 94).

In order to determine whether to grant Plaintiff's motion for a preliminary injunction, (Dkt. 12), on November 30, 2023, the Court held a renewed hearing on the matter. (Min. Entry, Dkt. 98). At the hearing, Gipson and counsel for Plaintiff appeared. (*Id.*). After Plaintiff did not present any witnesses and instead rested on the four declarations in her motion for reconsideration, the Court denied the motion for preliminary injunction, (Dkt. 12). (Order, Dkt. 99).

On January 8, 2024, Plaintiff filed a notice of interlocutory appeal of the Court's order denying her motion for preliminary injunction. (Dkt. 102). On May 22, 2024, Gipson filed an Opposed Motion To Stay District Court Proceedings Pending Interlocutory Appeal. (Dkt. 108). Plaintiff filed a response in opposition to the motion, (Dkt. 109), and filed a Motion For Order Requiring The Parties To Confer And Finalize Rule 26 Report And Proposed Schedule, (Dkt. 111). Gipson did not respond to the motion for entry of scheduling order.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(f), "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). A court considers four factors in deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) (quoting *Nken v. Holder*, 556 U.S. 418, 425–26 (2009)).

## III. DISCUSSION

Applying the *Nken* factors, the Court will not stay this case pending Plaintiff's interlocutory appeal. Gipson asks the Court to "stay proceedings in this action pending the Fifth Circuit's resolution of Plaintiff's interlocutory appeal, in the interests of judicial and party economy." (Mot.

Stay, Dkt. 108, at 3). In response, Plaintiff argues that Gipson has not met the requirements for a stay pending appeal. (Resp., Dkt. 109, at 3). The Court agrees with Plaintiff. None of the four *Nken* factors weigh in Gipson's favor: (1) Gipson has not made a strong showing that he is likely to succeed on the merits; (2) Gipson has not demonstrated that he will be irreparably injured absent a stay; (3) issuance of the stay may substantially injure Plaintiff due to the nature of the allegations in this case; and (4) the public interest lies in denying a stay pending appeal. Accordingly, the Court will deny Gipson's motion to stay pending interlocutory appeal. Because the Court denies the motion to stay, because Gipson has not timely responded to Plaintiff's motion for entry of a scheduling order, and because the parties have not filed a scheduling order despite this Court's Local Rules, *see* W.D. Tex. Loc. R. CV-16(c) (requiring that the parties to a case submit a proposed scheduling order to the court no later than 60 days after any appearance of any defendant), the Court will grant Plaintiff's motion for entry of a scheduling order as unopposed and order the parties to confer and file a proposed scheduling order within three (3) weeks of this order.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Gipson's Opposed Motion To Stay District Court Proceedings Pending Interlocutory Appeal, (Dkt. 108), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Order Requiring The Parties To Confer And Finalize Rule 26 Report And Proposed Schedule, (Dkt. 111), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties file a joint proposed scheduling order on or before **June 27, 2024**. The parties should consult the website for the U.S. District Court for the

Western District of Texas (www.txwd.uscourts.gov), select the "Judges' Info" tab, "Standing Orders," "Austin Division," and file the joint proposed scheduling order utilizing District Judge Robert Pitman's form.

    **SIGNED** on June 6, 2024.

                                                  ROBERT PITMAN
                                                UNITED STATES DISTRICT JUDGE