Case 1:23-cv-00463-RP   Document 123   Filed 07/08/24   Page 1 of 10

FILED
July 08, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CC_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JANE DOE

  Plaintiff,

vs.

MARK A. GIPSON

Defendant.

Civil Action No. 1:23-cv-00463-RP

## JOINT MOTION FOR ENTRY OF SCHEDULING ORDER

Pursuant to Western District of Texas Local Rule 16(c) and this Court's June 28, 2024 order, **PLAINTIFF JANE DOE ("Plaintiff" or "Ms. Doe")** and **DEFENDANT MARK A. GIPSON** ("Defendant" or "Mr. Gipson"), (collectively, the "Parties"), jointly request entry of a case schedule. The Parties have conferred and are unable to agree on a schedule. The Parties' respective positions are outlined below.

### Plaintiff's Position:

Attached hereto as **Exhibit A** is Ms. Doe's proposed schedule for this case. Ms. Doe respectfully requests that the Court enter this schedule, which provides ample time for the parties to meet each deadline, while ensuring the "just, speedy, and inexpensive determination" of this action. *See* Fed R. Civ. P. 1.

Conversely, Mr. Gipson's proposed schedule seeks to effectively grant himself a ***year-long*** stay of the case (*see* Exhibit B), despite the Court recently denying Mr. Gipson's motion to stay the case by six-months (D.I. 113 at 4).

As discussed further below, Mr. Gipson's reasoning for requesting a year-long stay 1 of the case is both legally and factually erroneous. Moreover, while Mr. Gipson no doubt hopes that the Court will seek to compromise between the parties' proposed schedules and enter a schedule with a six-month delay, once again, Mr. Gipson provides no cogent reason why such a delay is warranted in this case, or why the Court should reconsider its prior denial of Mr. Gipson's motion to stay.

With respect to Mr. Gipson's purported justifications for his delayed procedural deadlines, during the meet and confer, and in email correspondence between Mr. Gipson and Ms. Doe's counsel, Mr. Gipson stated that all major deadlines in the case should be indefinitely delayed because: 1) he intends to file another motion requesting Court-Appointed Counsel; 2) he has certain "professional commitments" that require him to be overseas for the remainder of the year; 3) he wishes to use this time to photograph more young Asian women in Europe to fund his defense in the present case involving the improper distribution of nude photographs of young Asian women; 4) he has purportedly worked as a confidential informant for certain Government agencies and his work for these agencies somehow relates to the present case; 5) he intends to file a motion for leave to file an amended answer to include additional counterclaims against Ms. Doe and her counsel; and 6) the FBI purportedly raided his house as part of a criminal investigation and thus evidence relevant to his defense in this case may no longer be in his possession.

*See* D.I. 114-3 at 5-6. Even assuming, *arguendo,* that there is any truth to these

allegations, none justify granting Mr. Gipson an effective stay of this case. First, the Court has already denied Mr. Gipson's request for court-appointed counsel, explaining that Mr. Gipson failed to establish both that he was indigent and that this case is sufficiently complex to warrant appointment of counsel. D.I. 83 at 5-6. And while Mr. Gipson now proffers additional facially implausible claims to support his arguments that this case is complex, Mr. Gipson still fails to provide any evidence that he is indigent and thus cannot afford a lawyer. In fact, all current evidence of record demonstrates otherwise. For example, Mr. Gipson obtained counsel for the defense against Ms. Doe's appeal of the denial of her requested preliminary injunction. *See, e.g., Jane Doe v. Mark A. Gipson*, Case No. 24-50018, D.I. 13 (Notice of Appearance for Mr. Mark McAdoo on behalf of Mr. Gipson). On the meet and confer, Mr. Gipson also stated that he has "several different attorneys specializing in different areas of the law working with [him]" on this case, and that they simply have not appeared formally.

Mr. Gipson has also represented to the Court on several occasions that he is a phenomenally wealthy businessman. *See, e.g.*, D.I. 101 (December 26, 2023 Hr. Tr.) at 48:25-40:15 (representing to the Court that Mr. Gipson financially supports "hundreds" of models around the world through his photography, each of whom "depend on [his] photography to feed their families, feed their children and provide for them."). Mr. Gipson's claims of indigency also conflict with his bases for requesting a delayed schedule in this matter, including that a delay is necessary so that he can spend the rest of the year traveling through Europe. *See* D.I. 114-3 at 5-6. Moreover, the Court has already denied one request by Mr. Gipson for appointment of counsel, and Mr. Gipson

2

should not be able to use additional requests as an excuse to further delay a just and speedy determination in this action. *See, e.g.*, Fed R. Civ. P. 1. ("All attorneys and parties who appear before the Court are expected to proceed with litigation in a manner that secures the just, speedy, and inexpensive determination of every action and proceeding.").

Second, Mr. Gipson's unspecified "professional commitments" do not trump his 3 obligations to this Court, and duties under the Federal Rules of Civil Procedure. Third, Mr. Gipson's request that he be effectively granted a stay to allow him to travel to Europe to photograph more young Asian women– *to build funds for his defense for the improper distribution of nude images of young Asian women*–is plainly ludicrous. Nor has Mr. Gipson explained why he would not be able to participate in this case during any planned travel or alleged photography sessions.

Fourth, Mr. Gipson has provided no evidence supporting his wild allegations that he is actually a Government informant, or that his role as an informant for these agencies has anything to do with this case.

Fifth, Mr. Gipson's purported plan to file another motion for leave to amend his Answer to once again levy baseless counterclaims against Ms. Doe and her counsel lacks merit and further provides no justification for delaying the proceedings in this case.

Sixth, whether the FBI has custody over evidence necessary to Mr. Gipson's defense due to any purported raid on Mr. Gipson's home is a matter that can be addressed, if necessary, during discovery. Speculations as to potential evidentiary needs do not justify pausing proceedings in this case.

In short, Mr. Gipson's arguments fail as a matter of law and fact and are nothing more than another bald attempt by Mr. Gipson to delay justice in this action and grant himself a stay in this case after the Court already explicitly rejected Mr. Gipson's requested stay. Ms. Doe thus respectfully requests that the Court enter her proposed schedule.

4

**Defendant's Position:**

I respectfully request that the Court agree to my proposed scheduling order, attached as **Exhibit B**, for the following reasons:

First and foremost, my father recently passed away. The funeral was in May 2024 and I respectfully ask the Court for a reasonable amount of time to grieve my loss. It is difficult for me to articulate into words the emotions I am feeling at this time.

1. Request for Court-Appointed Counsel: As I am currently unable to afford an attorney, I intend to request the appointment of counsel at the scheduling hearing. The Sixth Amendment of the United States Constitution guarantees the right to counsel in criminal proceedings. While this case is civil, the complexities involved and the potential criminal allegations that may have an impact on my personal and professional life may warrant a court appointed attorney. In *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Supreme Court recognized the fundamental right to counsel. I urge this Court to consider extending this principle in my case due to its unique and complex nature. By emphasizing the criminal nature of the allegations and the complexity of this case I respectfully make my request for court-appointed counsel. I argue that the due process

principles outlined in cases like *Argersinger v. Hamlin*, 407 U.S. 25 (1972), which extended the right to counsel to any case where imprisonment is possible, should apply by analogy to my case due to the severe consequences and criminal implications involved. *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) is notable, where the Supreme Court held that the right to appointed counsel in civil cases depends on a balancing test that weighs the private interests at stake, the government's interest, and the risk of erroneous decisions without counsel.

5

2. Work and Travel Commitments: I will be engaged in professional commitments across Northern Africa and parts of Europe, including remote islands in the Aegean Sea, which will significantly limit my access to reliable internet. My travel is essential to generate the necessary funds for my legal defense. Note that I am not paying for this trip but rather a woman who knows me well and I have worked with for years, has offered to pay for my travel expenses under these extraordinary circumstances. Under *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), the Supreme Court acknowledged the importance of convenience and fairness in legal proceedings, emphasizing the need to consider the defendant's circumstances. Therefore, I request that the scheduling order accommodates my travel and work schedule.

3. Professional Engagements in Fine Art Photography: My participation in seasonal Summertime events in Europe July-Oct and Paris Fashion Week in Sept-October 2024 is critical for earning the funds needed for my defense. The Court should consider the economic impact of my professional commitments on my ability to mount an effective legal defense. In *Johnson v. Zerbst*, 304 U.S. 458 (1938), the

Supreme Court highlighted the necessity of ensuring that defendants have the means to secure their defense adequately. Goldberg v. Kelly, 397 U.S. 254 (1970) emphasizes the due process requirement that individuals must be given an opportunity to be heard "at a meaningful time and in a meaningful manner."

    4. Confidential Informant Disclosure: My role as a confidential informant for certain Government agencies for over five years is crucial to my defense, as this is relevant and has a direct connection to my intentions and to why I was working with these sex workers in the first place. The need to disclose sensitive information and depose numerous

6

individuals, including the agents I reported to, underscores the complexity and time-consuming nature of this case. According to *Hickman v. Taylor*, 329 U.S. 495 (1947), the Supreme Court recognized the importance of a thorough discovery process, especially in complex cases. This case will require deposing 20-25 individuals, which necessitates a carefully structured timeline.

    5. Pending Motion for Leave to Amend: I am preparing a motion for leave to submit my second amended answer, which will include substantial counterclaims against the Plaintiff. Included in the counterclaims will be a suit for Defamation against Plaintiff and her coconspirators; a suit for defamation against process server Christina Boger, who was an agent of Latham & Watkins, LLP, at all times relevant when the defamatory conduct occurred; a suit for breach of contract against Plaintiff; a suit against Plaintiff for assault causing bodily injury (which occurred only hours after Plaintiff had been accused of accosting and sexually assaulting an elderly woman); and, a suit for copyright

infringement against Plaintiff (see pictures attached which depict copyrighted photos posted on Plaintiff's Instagram account). Under Rule 15(a) of the Federal Rules of Civil Procedure, amendments should be freely given when justice so requires. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court emphasized the importance of allowing amendments to ensure that cases are decided on their merits. Additional time is required to properly prepare and file this motion.

      6. Ongoing FBI Investigation and Possession of Evidence: The FBI is currently investigating the substantial evidence of criminal collusion and felony aggravated perjury that I have provided. This investigation will take time, and its outcome may significantly impact the proceedings of this case. Furthermore, the FBI has in its possession key

7

evidence that is essential for my defense. This evidence was gathered based on a search warrant issued due to false and intentional misstatements and the collusion and aggravated perjury committed by two separate groups of conspiring criminal sex workers. The FBI has not indicated when or if this evidence will be returned. The Supreme Court in *United States v. Nixon*, 418 U.S. 683 (1974), acknowledged the necessity of considering ongoing investigations and the availability of evidence in related legal proceedings. Therefore, it is in the interest of justice to allow sufficient time for the FBI to complete its investigation and return the necessary evidence, including signed model releases.

      In conclusion, the circumstances surrounding this case are exceptional and necessitate a scheduling order that accounts for the complexity of the issues, the death

of my father, my professional commitments, disclosure of my work as a confidential informant, the ongoing investigations, and the return of critical evidence held by the FBI.

Dated: July 8, 2024

Respectfully Submitted,

**/s/ Mark Gipson, with permission by Bradley A. Hyde**
Defendant *Pro Se*
Respectfully Submitted,

8

*/s/ Bradley A. Hyde*  Bradley A. Hyde

## CERTIFICATE OF CONFERENCE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that the Parties met and conferred on July 8, 2024, and were unable to agree to a proposed procedural schedule. The Parties hereby file this motion jointly, attaching each party's proposal.

Dated: July 8, 2024
*/s/ Bradley A. Hyde* Bradley A. Hyde

## CERTIFICATE OF SERVICE

I hereby affirm that on this 8th day of July, 2024, a true and correct copy of the foregoing document was served by electronic service pursuant to the Federal Rules of Civil Procedure with the Court's CM/ECF electronic filing system. Additionally, a copy of the respective pleading was served to Mr. Gipson's email address.

Dated: July 8, 2024
*/s/ Bradley A. Hyde* Bradley A. Hyde

