IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-463-RP |
| | § | |
| MARK A. GIPSON, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Jane Doe's ("Plaintiff") motion to strike. (Dkt. 124). Defendant Mark A. Gipson ("Gipson") has not responded to the motion to strike. For the following reasons, the Court grants in part and denies in part the motion to strike and orders Gipson to show cause as to why he should not be held in contempt of court for failure to follow this Court's orders.

**I. BACKGROUND**

This is a case involving depictions of intimate visual material. Plaintiff alleges that Gipson took many sexually explicit pictures of her during an international trip, that she did not consent to some of the pictures, that she felt coerced to consent to others, and that she did not agree to let Gipson use any pictures for commercial purposes. (Compl., Dkt. 1, at 8–13). She alleges that Gipson has refused to give her the pictures and that he has tried to ask her for money in exchange for the pictures. (*Id.* at 13, 16–17). She further alleges that Gipson threatened to make the pictures public. (*Id.* at 14–17). Plaintiff also alleges that Gipson posted defamatory information about her online, including calling her an escort and a sex worker on social media. (*Id.* at 14–15). According to Plaintiff, Gipson also: (1) sent intimate visual depictions of her to friends and family; (2) published intimate depictions of her on an Instagram account, in which he is allegedly impersonating Plaintiff;

1

and (3) published intimate depictions of her on websites, all without her permission. (*Id.* at 16–17, 22, 25–28, 28–31).

Plaintiff filed her complaint on April 24, 2023. (*Id.*). She brings claims for unauthorized disclosure of intimate images under the Violence Against Women Reauthorization Act (VAWRA), 15 U.S.C. § 6851, and Texas Civil Practice and Remedies Code § 98B, along with other state tort claims. (*Id.* at 33–57). On April 25, 2023, the Court granted Plaintiff's *ex parte* motion to proceed under a pseudonym and for a protective order, (Dkt. 13), and ordered Gipson to refrain from publicly identifying Plaintiff. (Order, Dkt. 14).

On April 25, 2023, Plaintiff moved for a temporary restraining order and preliminary injunction ordering Gipson to remove any of the alleged intimate visual depictions from websites and social media, and preventing Gipson from posting more images, among other requests. (App. TRO and Prelim. Inj., Dkt. 12). The next day, the Court partially granted Plaintiff's motion for a temporary restraining order and ordered that Gipson refrain from publicly identifying Plaintiff or displaying or disclosing any intimate visual depictions or false representations about Plaintiff, among other relief. (Order, Dkt. 15). On May 5, 2023, the Court ordered Gipson held in contempt of court for failure to comply with the temporary restraining order and failure to appear at two hearings. (Dkt. 23). After being arrested by the United States Marshal Service on June 7, 2023, Gipson appeared at a contempt hearing that same day. (Min. Entry, Dkt. 34). Gipson answered and counterclaimed on June 26, 2023. (Dkt. 56).

On June 1, 2023, Plaintiff again moved for a temporary restraining order. (Dkt. 29). That same day, the Court again issued a temporary restraining order that Gipson refrain from publicly identifying Plaintiff or displaying or disclosing any intimate visual depictions or false representations about Plaintiff, among other relief. (Order, Dkt. 30).

The Court held a hearing concerning Plaintiff's motion for a preliminary injunction on June 14, 2023. (Min. Entry, Dkt. 41). On June 26, 2023, Gipson filed an amended response and countermotion for preliminary injunction. (Dkt. 57). On August 14, 2023, the Court denied Gipson's motion to disclose Plaintiff's identity, again emphasizing that the alleged unlawful disclosure of Plaintiffs sexually explicit photographs and videos without her consent justified anonymity. (Text Order, Aug. 14, 2023).

On August 23, 2023, the Court granted Gipson's Motion to Set Aside Entry of Default, (Dkt. 76), and denied Plaintiff's Motion for Preliminary Injunction, (Dkt. 12). (Dkt. 83). The Court's decision rested on the fact that at the preliminary injunction hearing, (Min. Entry, Dkt. 41), Plaintiff did not present evidence sufficient to undermine Gipson's testimony and the evidence that he introduced at the hearing. (Dkt. 83, at 8–9). Thus, the Court found that Plaintiff had not shown a likelihood of success on the merits. (*Id.* at 9).

On September 29, 2023, Plaintiff filed an Opposed Motion Under Rule 59(e) to Amend the Judgment Regarding Plaintiff's Motion for a Preliminary Injunction and Defendant's Motion to Set Aside the Default. (Dkt. 86). On November 16, 2023, the Court granted in part Plaintiff's motion for reconsideration with respect to Plaintiff's motion for a preliminary injunction. (Dkt. 94). In order to determine whether to grant Plaintiff's motion for a preliminary injunction, (Dkt. 12), on November 30, 2023, the Court held a renewed hearing on the matter. (Min. Entry, Dkt. 98). At the hearing, Gipson and counsel for Plaintiff appeared. (*Id.*). After Plaintiff did not present any witnesses and instead rested on the four declarations in her motion for reconsideration, the Court denied the motion for preliminary injunction, (Dkt. 12). (Order, Dkt. 99). On January 8, 2024, Plaintiff filed a notice of interlocutory appeal of the Court's order denying her motion for preliminary injunction. (Dkt. 102). On January 26, 2024, the Court rejected a number of explicit, irrelevant, and compromising filings Gipson submitted in the Court's box.com folder on January 25,

3

2024 and warned Gipson against filing irrelevant documents, unnecessary explicit material, and inappropriately denigrating comments. (Order, Dkt. 103). The Court warned Gipson that failure to comply with this warning may result in the imposition of sanctions. (*Id.*).

On May 22, 2024, Gipson filed an Opposed Motion to Stay District Court Proceedings Pending Interlocutory Appeal. (Dkt. 108). On June 6, 2024, the Court denied the motion and ordered the parties to submit a proposed scheduling order. (Dkt. 113). The parties were unable to agree on a proposed scheduling order despite being so ordered, (*id.*), and being granted an extension to do so, (Text Order, June 28, 2024). Accordingly, on July 9, 2024, the Court granted Plaintiff's motion to enter a scheduling order. (Order, Dkt. 125). That same day, Gipson filed a document containing unnecessary explicit material publicly identifying Plaintiff, (Dkt. 123), contrary to the Court's prior orders, (*see* Orders, Dkts. 14, 15, 30, 103; *see also* Text Order, Aug. 14, 2023). That same day, Plaintiff filed the instant motion to strike. (Dkt. 124). Gipson did not respond to the motion to strike.

## II. PLAINTIFF'S MOTION TO STRIKE

Plaintiff moves to strike both "multiple unauthorized and improper motions for entry of a scheduling order filed by" Gipson. (Dkt. 124, at 1). Plaintiff particularly emphasizes that Gipson "included photographs of [Plaintiff's] private Instagram account in his third filing," (Dkt. 123), which show Plaintiff's face and other identifying information in contravention of this Court's prior orders. (Mot., Dkt. 124, at 1–2). Gipson did not respond to Plaintiff's motion to strike.

The Court previously denied Gipson's first two filings, (Dkt. 120, 121), (*see* Order, Dkt. 125), so the Court finds that the motion to strike should be denied with respect to these two filings. However, the Court finds that Plaintiff's motion to strike is exceptionally warranted with respect to the third of Gipson's filings, (Dkt. 123). Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

4

scandalous matter" on its own or upon motion of a party. Fed. R. Civ. P. 12(f). This is a case involving depictions of intimate visual material. Plaintiff alleges Defendant threatened to post and otherwise make public sexually explicit photographs of Plaintiff and to post harmful, false, and misleading information about her online. (Compl., Dkt. 11, at 14). Plaintiff further alleges that Defendant posted sexually explicit photos and videos of Plaintiff online for his own gain, without her consent, and that he has threatened to continue posting these types of pictures. (*Id.* at 18). Plaintiff's pleadings include allegations regarding multiple physical and sexual assaults and describe multiple intimate depictions of Plaintiff. Further, Gipson has on a number of times filed a number of explicit, irrelevant, and compromising filings in the Court's box.com folder despite being ordered at least five times to refrain from identifying Plaintiff or filing irrelevant documents, unnecessarily explicit material, or inappropriately denigrating comments. (*See* Orders, Dkts. 14, 15, 30, 103; *see also* Text Order, Aug. 14, 2023). The document Gipson filed on July 9, 2024 contains unnecessary explicit material publicly identifying Plaintiff, (Dkt. 123). Accordingly, the Court will grant Plaintiff's motion to strike with respect to this filing.

### III. SHOW CAUSE ORDER AS TO WHY GIPSON SHOULD NOT BE HELD IN CONTEMPT

Courts may impose sanctions for civil contempt as exercises of their inherent powers to protect their proper functioning and ensure "submission to their lawful mandates." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat) 204, 227 (1821)). This "justification for the contempt authority is at its pinnacle . . . where contumacious conduct threatens a court's immediate ability to conduct its proceedings." *Id.* at 832. Generally, "[j]udicial sanctions in civil contempt proceedings [are] employed for either or both of two purposes: to coerce the defendant into compliance with the court's order [or] to compensate the complainant for losses sustained." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir.

scandalous matter" on its own or upon motion of a party. Fed. R. Civ. P. 12(f). This is a case involving depictions of intimate visual material. Plaintiff alleges Defendant threatened to post and otherwise make public sexually explicit photographs of Plaintiff and to post harmful, false, and misleading information about her online. (Compl., Dkt. 11, at 14). Plaintiff further alleges that Defendant posted sexually explicit photos and videos of Plaintiff online for his own gain, without her consent, and that he has threatened to continue posting these types of pictures. (*Id.* at 18). Plaintiff's pleadings include allegations regarding multiple physical and sexual assaults and describe multiple intimate depictions of Plaintiff. Further, Gipson has on a number of times filed a number of explicit, irrelevant, and compromising filings in the Court's box.com folder despite being ordered at least five times to refrain from identifying Plaintiff or filing irrelevant documents, unnecessarily explicit material, or inappropriately denigrating comments. (*See* Orders, Dkts. 14, 15, 30, 103; *see also* Text Order, Aug. 14, 2023). The document Gipson filed on July 9, 2024 contains unnecessary explicit material publicly identifying Plaintiff, (Dkt. 123). Accordingly, the Court will grant Plaintiff's motion to strike with respect to this filing.

### III. SHOW CAUSE ORDER AS TO WHY GIPSON SHOULD NOT BE HELD IN CONTEMPT

Courts may impose sanctions for civil contempt as exercises of their inherent powers to protect their proper functioning and ensure "submission to their lawful mandates." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat) 204, 227 (1821)). This "justification for the contempt authority is at its pinnacle . . . where contumacious conduct threatens a court's immediate ability to conduct its proceedings." *Id.* at 832. Generally, "[j]udicial sanctions in civil contempt proceedings [are] employed for either or both of two purposes: to coerce the defendant into compliance with the court's order [or] to compensate the complainant for losses sustained." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir.

2000). "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994); *see also Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801–02 (2019). The allegedly "contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines*, 228 F.3d at 581.

Despite being ordered at least five times to refrain from identifying Plaintiff or filing irrelevant documents, unnecessarily explicit material, or inappropriately denigrating comments, (*see* Orders, Dkts. 14, 15, 30, 103; *see also* Text Order, Aug. 14, 2023), on July 9, 2024, Gipson filed a document containing unnecessary explicit material publicly identifying Plaintiff, (Dkt. 123). The Court has already warned Gipson that failure to comply with the Court's orders may result in the imposition of sanctions. (Order, Dkt. 103). Accordingly, the Court will order Gipson to show cause as to why he should not be held in contempt of court and subject to sanctions for failing to comply with the Court's orders.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike, (Dkt. 124), is **GRANTED IN PART** and **DENIED IN PART**.

The Clerk of the Court is directed to **STRIKE** Gipson's filing, (Dkt. 123), from the docket sheet of this case.

Plaintiff's motion to strike is **DENIED** with respect to Gipson's other two filings, (Dkts. 120, 121), as the Court has already denied those motions, (*see* Order, Dkt. 125).

**IT IS FURTHER ORDERED** that Gipson is ordered to show cause in writing **on or before July 29, 2024** as to why he should not be held in contempt of court and subject to sanctions for failing to comply with the Court's orders.

**IT IS FINALLY ORDERED** that a contempt hearing is set for **Friday, August 2, 2024 at 4pm** in Courtroom 4, on the Fifth Floor, United States Courthouse, 501 West Fifth Street, Austin, TX. All parties or counsel on their behalf must appear at this hearing. Gipson should be prepared to show cause as to why he should not be held in contempt of court for failing to comply with the Court's orders.

**SIGNED** on July 22, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE