IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-463-RP |
| | § | |
| MARK A. GIPSON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Jane Doe's ("Plaintiff") request to strike five "formal complaints" filed by Defendant Mark A. Gipson ("Gipson") against Plaintiff's lawyers. (Dkts. 65, 66, 67, 74, and 78). Plaintiff raised her request to strike these five documents at a hearing held on August 5, 2024. (*See* Min. Entry, Dkt. 132). For the reasons that follow, the Court will strike Gipson's five "formal complaints."

## I. BACKGROUND

This is a case involving depictions of intimate visual material. Plaintiff alleges that Gipson took many sexually explicit pictures of her during an international trip, that she did not consent to some of the pictures, that she felt coerced to consent to others, and that she did not agree to let Gipson use any of the pictures for commercial purposes. (Compl., Dkt. 1, at 8–13). She alleges that Gipson has refused to give her the pictures and that he has tried to ask her for money in exchange for the pictures. (*Id.* at 13, 16–17). She further alleges that Gipson threatened to make the pictures public. (*Id.* at 14–17). Plaintiff also alleges that Gipson posted defamatory information about her online, including calling her an escort and a sex worker on social media. (*Id.* at 14–15). According to Plaintiff, Gipson also: (1) sent intimate visual depictions of her to friends and family; (2) published intimate depictions of her on an Instagram account, in which he is allegedly impersonating Plaintiff;

and (3) published intimate depictions of her on websites, all without her permission. (*Id.* at 16–17, 22, 25–28, 28–31).

Plaintiff filed her complaint on April 24, 2023. (*Id.*). She brings claims for unauthorized disclosure of intimate images under the Violence Against Women Reauthorization Act (VAWRA), 15 U.S.C. § 6851, and Texas Civil Practice and Remedies Code § 98B, along with other state tort claims. (*Id.* at 33–57). On April 25, 2023, the Court granted Plaintiff's *ex parte* motion to proceed under a pseudonym and for a protective order, (Dkt. 13), and ordered Gipson to refrain from publicly identifying Plaintiff. (Order, Dkt. 14).

On April 25, 2023, Plaintiff moved for a temporary restraining order and preliminary injunction ordering Gipson to remove any of the alleged intimate visual depictions from websites and social media, and preventing Gipson from posting more images, among other requests. (App. TRO and Prelim. Inj., Dkt. 12). The next day, the Court partially granted Plaintiff's motion for a temporary restraining order and ordered that Gipson refrain from publicly identifying Plaintiff or displaying or disclosing any intimate visual depictions or false representations about Plaintiff, among other relief. (Order, Dkt. 15). On May 5, 2023, the Court held Gipson in contempt of court for failure to comply with the temporary restraining order and failure to appear at two hearings. (Dkt. 23). After being arrested by the United States Marshal Service on June 7, 2023, Gipson appeared at a contempt hearing that same day. (Min. Entry, Dkt. 34). Gipson answered and counterclaimed on June 26, 2023. (Dkt. 56).

On June 1, 2023, Plaintiff again moved for a temporary restraining order. (Dkt. 29). That same day, the Court again issued a temporary restraining order that Gipson refrain from publicly identifying Plaintiff or displaying or disclosing any intimate visual depictions or false representations about Plaintiff, among other relief. (Order, Dkt. 30).

The Court held a hearing concerning Plaintiff's motion for a preliminary injunction on June 14, 2023. (Min. Entry, Dkt. 41). On June 26, 2023, Gipson filed an amended response and countermotion for preliminary injunction. (Dkt. 57). On August 14, 2023, the Court denied Gipson's motion to disclose Plaintiff's identity, again emphasizing that the alleged unlawful disclosure of Plaintiff's sexually explicit photographs and videos without her consent justified anonymity. (Text Order, Aug. 14, 2023).

On August 23, 2023, the Court granted Gipson's Motion to Set Aside Entry of Default, (Dkt. 76), and denied Plaintiff's Motion for Preliminary Injunction, (Dkt. 12). (Dkt. 83). The Court's decision rested on the fact that at the preliminary injunction hearing, (Min. Entry, Dkt. 41), Plaintiff did not present evidence sufficient to undermine Gipson's testimony and the evidence that he introduced at the hearing. (Dkt. 83, at 8–9). Thus, the Court found that Plaintiff had not shown a likelihood of success on the merits. (*Id.* at 9).

On September 29, 2023, Plaintiff filed an Opposed Motion Under Rule 59(e) to Amend the Judgment Regarding Plaintiff's Motion for a Preliminary Injunction and Defendant's Motion to Set Aside the Default. (Dkt. 86). On November 16, 2023, the Court granted in part Plaintiff's motion for reconsideration with respect to Plaintiff's motion for a preliminary injunction. (Dkt. 94). In order to determine whether to grant Plaintiff's motion for a preliminary injunction, (Dkt. 12), on November 30, 2023, the Court held a renewed hearing on the matter. (Min. Entry, Dkt. 98). At the hearing, Gipson and counsel for Plaintiff appeared. (*Id.*). After Plaintiff did not present any witnesses and instead rested on the four declarations in her motion for reconsideration, the Court again denied the motion for preliminary injunction, (Dkt. 12). (Order, Dkt. 99). On January 8, 2024, Plaintiff filed a notice of interlocutory appeal of the Court's order denying her motion for preliminary injunction. (Dkt. 102). On January 26, 2024, the Court rejected a number of explicit, irrelevant, and compromising filings Gipson submitted in the Court's box.com folder on January 25,

2024 and warned Gipson against filing irrelevant documents, unnecessary explicit material, and inappropriately denigrating comments. (Order, Dkt. 103). The Court warned Gipson that failure to comply with this warning may result in the imposition of sanctions. (*Id.*).

On May 22, 2024, Gipson filed an Opposed Motion to Stay District Court Proceedings Pending Interlocutory Appeal. (Dkt. 108). On June 6, 2024, the Court denied the motion and ordered the parties to submit a proposed scheduling order. (Dkt. 113). The parties were unable to agree on a proposed scheduling order despite being so ordered, (*id.*), and being granted an extension to do so, (Text Order, June 28, 2024). Accordingly, on July 9, 2024, the Court granted Plaintiff's motion to enter a scheduling order. (Order, Dkt. 125). That same day, Gipson filed a document containing unnecessary explicit material publicly identifying Plaintiff, (Dkt. 123), contrary to the Court's prior orders, (*see* Orders, Dkts. 14, 15, 30, 103; *see also* Text Order, Aug. 14, 2023). On July 22, 2024, the Court granted Plaintiff's motion to strike, (Dkt. 124), struck the document in question, and ordered Gipson to show cause as to why he should not be held in contempt of court for violating a number of the Court's orders. (Order, Dkt. 128). The Court held a contempt hearing on August 5, 2024. (*See* Min. Entry, Dkt. 132). At the hearing, Plaintiff requested that the Court strike five "formal complaints" filed by Gipson against Plaintiff's lawyers. (Dkts. 65, 66, 67, 74, and 78).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or upon motion of a party. Fed. R. Civ. P. 12(f). Generally, motions, briefs, and memoranda may not be attacked by a motion to strike. *Ysais v. New Mexico Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009). However, "a Court may choose to strike a filing that is not allowed by local rule." *Id.* (cleaned up).

### III. DISCUSSION

Gipson has filed five different "formal complaints" alleging that Plaintiff's counsel have engaged in misconduct. (Dkts. 65, 66, 67, 74, 78). Gipson alleges that Plaintiff's counsel falsified evidence and engaged in a conspiracy to frame Gipson, including by hiring prostitutes to manufacture a fraudulent lawsuit against Gipson. Gipson also makes denigrating comments and accusations about Plaintiff. Gipson does not substantiate his "formal complaints" with evidence or affidavits. These allegations are, on their face, absurd, and out of line with the respectful, competent nature of Plaintiff's counsel's pleadings and appearances in the hearings in this case to date. The Court also notes that all of Plaintiff's lawyers, who are appearing in this case pro bono, are in good standing.[1] Further, the Court notes that Gipson has failed to show that his "formal complaints" are permitted by the federal or local rules. Accordingly, the Court will order the Clerk of the Court to strike these documents from the record of this case.

The Court also notes its concern that Gipson's pleadings and communications with opposing counsel are becoming increasingly uncivil. His unwarranted personal attacks on opposing counsel are without merit, frivolous, and unnecessary. He is strongly cautioned against including these unsubstantiated assertions in further pleadings. The Court expects all parties in this case to conduct themselves with the utmost civility and courtesy. Although the Court finds that sanctions

---

[1] *See* State Bar of Texas Attorney Profile of Benjamin J. Behrendt, https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=374929; State Bar of California Attorney Profile of Caitlyn L. Brock, https://apps.calbar.ca.gov/attorney/Licensee/Detail/346824; State Bar of California Attorney Profile of Kevin Hamilton, https://apps.calbar.ca.gov/attorney/Licensee/Detail/347778; State Bar of California Attorney Profile of Bradley A. Hyde, https://apps.calbar.ca.gov/attorney/Licensee/Detail/301145; State Bar of Texas Attorney Profile of Giri Pathmanaban, https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=316124; State Bar of California Attorney Profile of Alex Wyman, https://apps.calbar.ca.gov/attorney/Licensee/Detail/295339.

are not warranted at this time, the Court cautions Gipson that the Court will reconsider sanctions if

he files repetitive, meritless, vexatious, or frivolous submissions in the future.

## IV. CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to **STRIKE** these five

documents, (Dkts. 65, 66, 67, 74, and 78), from the docket of this case.

**SIGNED** on August 8, 2024.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE