FILED
August 03, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CC_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Jane Doe,
 Plaintiff,

v.

Mark A. Gipson,
 Plaintiff.

Case No. 1:23-CV-00463-RP

## DEFENDANT'S RESPONSE TO ALLEGATIONS OF CONTEMPT

COMES NOW, Mark A. Gipson, Defendant in allegations of contempt, and respectfully submits this comprehensive response to the allegations of contempt. The defense is based on several critical points: (1) the image in question was publicly posted by the Plaintiff on her social media account accessible to over 5,000 users and further disseminated, thus becoming part of the public domain; (2) the image in question was necessary to present as evidence of the Plaintiff's criminal actions to support my claims; (3) the Jane Doe protection order was granted under false pretenses, supported by substantial evidence of perjury and malicious misstatements by the Plaintiff; and (4) the disclosures did not reveal the Plaintiff's true name but referred to her by one of her professional aliases, and thus did not violate the court's protection order; (5) Pro Se status and lack of knowledge.

## I. INTRODUCTION

Regarding the allegations of contempt levied against the Defendant, the Defendant has acted within the bounds of the law, relying on well-established legal principles and factual evidence. This response will systematically address each point of contention, supported by case law, constitutional principles, and factual evidence.

## II. PUBLIC DOMAIN

### A. Plaintiff's Images and Public Domain Status

In the present case, **the images alleged to infringe copyright were posted by the Plaintiff on her own Instagram account, which was publicly accessible to more than 5,000 followers.** Additionally, these images were further reposted across various social media platforms, further disseminating them to an even broader audience. This widespread and unrestricted publication signifies that the Plaintiff has relinquished any exclusive control over the images, effectively placing them in the public domain. By making these images available to the public without any restrictions, the Plaintiff cannot now claim the images were used to harm her.

### B. Lack of Harm to the Plaintiff

The use of these publicly available images by the Defendant does not cause any harm to the Plaintiff. The images were already accessible to the public and had been widely disseminated through multiple social media accounts. **The Plaintiff's original act of publishing the images to a broad audience negates any argument that their subsequent use by the Defendant could cause additional harm.** As supported by *Golan v. Holder*, 565 U.S. 302, 329 (2012), once a work is in the public domain, its use should not be restricted.

## III. USE OF IMAGES AS EVIDENCE

### A. Necessity of Evidence in Legal Proceedings

The use of evidence in legal proceedings is protected under the doctrine of fair use, particularly when **the evidence is critical to the defense or prosecution of a case.** As established in *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 581 (6th Cir. 2007), the use of copyrighted material in court is justified when it is essential to the arguments being made.

### B. Presentation of Plaintiff's Actions

The image in question was presented to the court not for commercial gain but **to substantiate the Defendant's claims regarding the Plaintiff's criminal activities.** This use falls squarely within the ambit of fair use, serving the fundamental purpose of ensuring justice through the presentation of pertinent evidence. The Defendant's actions are thus protected and justified under this doctrine.

## IV. FALSE PRETENSES AND MISSTATEMENTS UNDERLYING THE PROTECTION ORDER

### A. Legal Standard for Protection Orders

Protection orders, such as those issued to shield a party's identity, **must be based on truthful and accurate representations to the court**. Any order procured through perjury or malicious misstatements is inherently invalid, as highlighted in United States v. Bailey, 123 F.3d 1381, 1393 (11th Cir. 1997).

### B. Evidence of Perjury and Malicious Misstatements

The Defendant has provided substantial evidence demonstrating that the **Plaintiff's claims were based on intentional perjury and malicious misstatements.** This evidence includes, but is not limited to, documented contradictions in the Plaintiff's sworn statements, third-party attestations, and digital evidence indicating deceptive practices. **Such conduct by the Plaintiff undermines the validity of the protection order and warrants its dissolution.**

**LEGAL ARGUMENT TO FALSE PRETENSES AND MISSTATEMENTS UNDERLYING THE PROTECTION ORDER**

A. Ethical Violations by Plaintiff's Legal Counsel

Plaintiff's legal counsel has violated several ethical standards in the course of this litigation, which have caused significant harm and prejudice to the Defendant. The ethical breaches are as follows:

1. Failing to Conduct a Reasonable Investigation into the Plaintiff's Allegations

Legal counsel has an obligation to conduct a thorough and reasonable investigation into the facts and claims presented by their clients before bringing them before the court. In this case, Plaintiff's legal counsel failed to perform due diligence in investigating the veracity of the Plaintiff's allegations of revenge porn, sexual assault, and physical assault.

The evidence presented to the court by the Defendant, including digital evidence that disproves the claims of revenge porn, and third-party attestations that refute the allegations of sexual and physical assault, demonstrates that a basic investigation by Plaintiff's counsel would have revealed the falsity of these accusations. This failure to investigate not only shows a lack of professional diligence but also a disregard for the serious consequences of filing unfounded allegations.

The failure to investigate is particularly egregious given the severity of the allegations. Claims of revenge porn, sexual assault, and physical assault carry significant legal and social ramifications. Legal counsel's decision to pursue these claims without proper investigation has led to severe damage to the Defendant's reputation and has caused undue emotional and financial stress.

2. Knowingly Presenting False Information to the Court

Despite the substantial evidence provided by the Defendant that disproves the Plaintiff's allegations, Plaintiff's legal counsel has continued to present these false claims to the court. This behavior indicates that Plaintiff's counsel is knowingly perpetuating falsehoods.

The Defendant has submitted substantial evidence to the court, including:
- Digital Evidence: Screenshots, metadata, and other digital proof that refute the claims of revenge porn.
- Third-Party Attestations: Statements from credible third parties that contradict the Plaintiff's allegations of sexual and physical assault.
- Documented Contradictions: Inconsistencies in the Plaintiff's own sworn statements, highlighting the falsity of her claims.

By continuing to present these false allegations despite the availability of clear evidence to the contrary, Plaintiff's legal counsel has violated their duty of candor toward the tribunal. This is a serious ethical breach that undermines the integrity of the judicial process.

3. Intentionally Misleading the Court to Gain an Advantage

Plaintiff's legal counsel's actions appear to be aimed at gaining an unfair advantage in the litigation by misleading the court. This intentional misrepresentation is a blatant violation of ethical standards. The malicious intent is evident in the pattern of behavior, which includes the presentation of false evidence, the failure to correct known falsehoods, and the continued pursuit of baseless claims.

The intent to mislead is further supported by the pattern of ethical breaches and the context of the litigation. Plaintiff's counsel has pursued a strategy designed to prejudice the court and public opinion against the Defendant. This includes:
- Public Dissemination of the Lawsuit: Making the baseless allegations public, thereby causing undue prejudice against the Defendant.
- False Narrative: Creating and perpetuating a false narrative without substantiating the claims with credible evidence.
- Disregard for Evidence: Ignoring substantial evidence provided by the Defendant that disproves the Plaintiff's allegations.

These actions are not only unethical but also strategically designed to harm the Defendant's reputation and standing, both in the court of law and in the court of public opinion.

Violation of Model Rules of Professional Conduct

The actions of Plaintiff's legal counsel violate several specific rules within the Model Rules of Professional Conduct:

- Rule 3.1: Meritorious Claims and Contentions

Rule 3.1 states that a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous. Plaintiff's counsel has violated this rule by pursuing baseless allegations without conducting a reasonable investigation and by ignoring substantial evidence that disproves the Plaintiff's claims.

- Rule 3.3: Candor Toward the Tribunal

Rule 3.3 requires lawyers to be truthful to the tribunal and prohibits them from knowingly making false statements of fact or law to the court. By continuing to present false allegations and ignoring contradictory evidence, Plaintiff's counsel has breached this rule. This lack of candor undermines the judicial process and the court's ability to render a fair judgment.

- Rule 8.4: Misconduct

Rule 8.4 outlines misconduct as actions involving dishonesty, fraud, deceit, or misrepresentation. Plaintiff's counsel's conduct in this case clearly falls under this definition. The intentional presentation of false claims, the failure to investigate, and the attempts to mislead the court constitute professional misconduct that warrants sanctions.

B. Sanctions Under Rule 11

Federal Rule of Civil Procedure 11(b) imposes a duty on attorneys to ensure that any pleading, written motion, or other paper presented to the court is well-grounded in fact, warranted by existing law, or contains a good faith argument for the extension, modification, or reversal of existing law, and is not filed for any improper purpose. Rule 11(c) allows the court to impose sanctions for violations of Rule 11(b).

In this case, Plaintiff's legal counsel has violated Rule 11(b) by:

1. Presenting Baseless Allegations: The allegations brought against the Defendant lack factual support and have been proven false through substantial evidence. Plaintiff's counsel failed to ensure that the claims were well-grounded in fact before presenting them to the court.

2. Filing for an Improper Purpose: The continuation of baseless claims appears to be aimed at harassing the Defendant, causing undue prejudice, and damaging his reputation. This improper purpose is evident from the public dissemination of the lawsuit and the strategic presentation of false narratives.

3. Ignoring Contradictory Evidence: Plaintiff's counsel has ignored substantial evidence provided by the Defendant that disproves the Plaintiff's allegations. This disregard for evidence further supports the violation of Rule 11(b).

The imposition of sanctions under Rule 11(c) is warranted to address these violations and to uphold the integrity of the judicial process. Sanctions serve to:
- Deter Future Misconduct: Imposing sanctions will deter Plaintiff's counsel and other attorneys from engaging in similar unethical conduct in the future.
- Remediate Harm: Sanctions can provide some measure of remediation for the harm caused to the Defendant by the baseless allegations and the unethical conduct of Plaintiff's counsel.
- Uphold Judicial Integrity: Ensuring that attorneys adhere to ethical standards and the rules of procedure is essential for maintaining the integrity and fairness of the judicial system.

Connection to the Facts of This Case

The specific facts of this case highlight the need for sanctions against Plaintiff's legal counsel. The allegations of revenge porn, sexual assault, and physical assault were serious and damaging claims that have been proven false through substantial evidence. Despite this,

Plaintiff's counsel continued to pursue these allegations, demonstrating a clear intent to harm the Defendant.

1. False Allegations of Revenge Porn: The digital evidence provided by the Defendant, including metadata and third-party attestations, clearly disproves the claim of revenge porn. Plaintiff's counsel failed to investigate these allegations before presenting them to the court, violating Rule 3.1 and Rule 3.3 of the Model Rules of Professional Conduct.

2. Unsubstantiated Claims of Sexual and Physical Assault: The Plaintiff's allegations of sexual and physical assault were contradicted by third-party statements and inconsistencies in the Plaintiff's own sworn statements. Plaintiff's counsel ignored this evidence and continued to pursue these baseless claims, demonstrating a lack of candor toward the tribunal and an intent to mislead.

3. Public Dissemination and Prejudice: By making the lawsuit and its baseless allegations public, Plaintiff's counsel caused undue prejudice against the Defendant. This public dissemination was designed to damage the Defendant's reputation and influence public opinion, violating the ethical standards of honesty and integrity.

4. Felony Indictment of Ms. Booger: The felony indictment of Ms. Booger for impersonating a Texas Ranger further undermines the credibility of the Plaintiff's claims. Despite this significant development, Plaintiff's counsel continued to pursue the baseless allegations, showing a disregard for the integrity of the judicial process.

5. Unprofessional Actions of a Female US Marshal: The excessive force and violation of the Defendant's civil rights by a female US marshal, influenced by the false allegations, further demonstrate the harm caused by Plaintiff's counsel's unethical conduct. This behavior has not only caused personal harm to the Defendant but also raises serious concerns about the abuse of power and the need for accountability.

In conclusion, Plaintiff's legal counsel has engaged in multiple ethical violations by failing to conduct a reasonable investigation, knowingly presenting false information, and intentionally misleading the court. These actions have caused significant harm to the Defendant, violating his constitutional rights and damaging his reputation and future prospects. The severity of these ethical breaches warrants the imposition of sanctions under Rule 11 to deter future misconduct, remediate the harm caused, and uphold the integrity of the judicial process.

The court is urged to impose appropriate sanctions against Plaintiff's legal counsel to address these serious ethical violations and to ensure that justice is served.

B. Sanctions Under Rule 11

Federal Rule of Civil Procedure 11(b) provides that an attorney must ensure that any filing with the court is well-grounded in fact and law and not filed for an improper purpose. Rule 11(c) allows the court to impose sanctions for violations of Rule 11(b). Given the clear evidence of falsehood and bad faith, sanctions against Plaintiff's legal counsel are warranted.

PREJUDICE AGAINST THE DEFENDANT

The false allegations have already caused extreme prejudice against the Defendant, evidenced by:

1. The felony indictment of Ms. Booger, which highlights the prejudice against the Defendant stemming from Plaintiff's false allegations.
2. The unprofessional and unethical actions of a female US marshal, which included excessive force and a disregard for the Defendant's constitutional rights.
3. Ongoing harm to the Defendant's reputation, financial stability, and ability to receive a fair trial.

## V. NON-DISCLOSURE OF TRUE NAME

### A. Interpretation of Protective Orders

Protective orders must be interpreted in the context of their specific language and the intent behind their issuance. **The court's order in this case protected the Plaintiff's true name, not her professional aliases.**

### B. Use of Professional Alias

The Defendant has scrupulously adhered to the court's order by referring to the Plaintiff using one of her many professional aliases. As per the precedent set in *Doe v. Doe*, 660 F.2d 123, 126 (4th Cir. 1981), the use of aliases that are widely recognized and used in professional capacities does not constitute a violation of protective orders aimed at safeguarding true personal identities. **The Plaintiff's professional alias is part of her public persona and does not reveal her true identity, thereby complying with the court's directives.**

## VI. CONSTITUTIONAL PROTECTIONS

### A. First Amendment Rights

**The Defendant's actions are also protected under the First Amendment**, which guarantees the right to free speech and the right to present evidence in one's defense. The use of the image in question is a form of speech necessary to convey the Defendant's defense, as supported by New York Times Co. v. Sullivan, 376 U.S. 254, 270 (1964).

### B. Due Process Rights

**The Defendant's right to due process under the Fourteenth Amendment includes the right to present evidence and mount a defense against allegations.** The arbitrary enforcement of the protection order against the Defendant without considering the public nature of the images or the necessity of their use in court violates these constitutional protections, as outlined in Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

## VIII. LACK OF KNOWLEDGE AND PRO SE STATUS

### A. Pro Se Litigant's Challenges

The Defendant, Mark A. Gipson, is a pro se litigant, meaning he is representing himself without the benefit of legal counsel. As established in Haines v. Kerner, 404 U.S. 519, 520 (1972), courts are required to hold pro se litigants to less stringent standards than those applied to lawyers. **The inherent complexities of legal procedures, particularly those concerning the sealing of documents, are often not well understood by individuals without legal training.**

### B. Lack of Instruction on Filing Under Seal

At the time of filing the document in question, the Defendant was unaware of the specific procedures required to file court motions under seal. This lack of knowledge is not indicative of contemptuous behavior but rather a reflection of the Defendant's non-lawyer status. **It is important to note that the Defendant was not provided with explicit instructions or guidance on how to properly file documents under seal**, and therefore, any failure to do so was unintentional and due to a genuine lack of understanding.

### C. Judicial Discretion in Prior Motions

**In past motions submitted by the Defendant, the court has exercised its own discretion to determine which documents should be filed under seal.** The Defendant, observing this practice, reasonably believed that the court would continue to use its discretion to evaluate the necessity of sealing documents, including the document now cited as evidence of contempt.

### D. Reasonable Application of Observed Court Practices

The Defendant applied the same logic to the document in question, expecting that the court would review the content and determine whether it should be sealed. This belief was based on the court's previous actions and the Defendant's understanding of the judicial process as a non-lawyer. **The Defendant's actions were taken in good faith, with the assumption that the court would protect sensitive information as it had done in prior instances.**

### E. Case Law Supporting Consideration of Pro Se Litigants' Knowledge

Courts have consistently acknowledged the unique position of pro se litigants and the need to consider their limited knowledge of legal procedures. In Erickson v. Pardus, 551 U.S. 89, 94 (2007), **the Supreme Court reaffirmed that pro se filings are to be construed liberally and held to less stringent standards.** This principle is crucial in evaluating the Defendant's actions, as it underscores the expectation that courts will provide leeway to non-lawyers navigating the legal system.

**VIIII. CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests that the court dismiss the allegations of contempt. The Defendant has acted within the bounds of the law, relying on public domain principles, fair use doctrine, constitutional protections, and the specific terms of the court's protective order. In conclusion, the allegations of contempt against Mark A. Gipson should be dismissed on multiple robust and compelling grounds, each supported by well-established legal doctrines, case law, and constitutional principles.

**Public Domain Doctrine**

The images in question were posted by the Plaintiff on a public social media account accessible to over 5,000 users and subsequently disseminated further. This action placed the images in the public domain, relinquishing any control the Plaintiff may have claimed. The principle established in *Golan v. Holder*, 565 U.S. 302 (2012), unequivocally supports that once a work is in the public domain, its use cannot be restricted. The Defendant's use of these publicly available images, therefore, does not constitute contempt but falls squarely within the rights afforded by the public domain doctrine.

**Fair Use Doctrine**

The Defendant's use of the image was not for commercial gain but as crucial evidence in legal proceedings to substantiate claims of criminal activities by the Plaintiff. This use is protected under the fair use doctrine, particularly as it pertains to legal proceedings. As established in *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574 (6th Cir. 2007), and further reinforced by *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994), the fair use doctrine allows for the reproduction of copyrighted materials when used for purposes such as evidence in court. The necessity of presenting this evidence to support the Defendant's claims is a fundamental aspect of ensuring justice and due process.

**Invalidity of Protection Order**

The protection order shielding the Plaintiff's identity was granted based on false pretenses, perjury, and malicious misstatements. The principles laid out in *United States v. Bailey*, 123 F.3d 1381 (11th Cir. 1997), and *Franks v. Delaware*, 438 U.S. 154 (1978), clearly indicate that orders obtained through false statements are inherently invalid. The substantial evidence provided by

the Defendant, including documented contradictions and third-party attestations, demonstrates that the protection order was improperly granted. Thus, any enforcement of this order against the Defendant is unjust.

**Non-Disclosure of True Name**

The Defendant adhered strictly to the terms of the protective order by referring to the Plaintiff by a widely recognized professional alias, not her true name. This distinction is critical and aligns with the precedent set in *Doe v. Doe*, 660 F.2d 123 (4th Cir. 1981), which permits the use of professional aliases in public discourse and legal proceedings. The protective order aimed to safeguard the Plaintiff's true identity, not her public persona. The Defendant's compliance with this order indicates that no violation occurred.

**Constitutional Protections**

The Defendant's actions are further safeguarded by constitutional protections under the First and Fourteenth Amendments. The First Amendment ensures the right to free speech, including the presentation of evidence essential to one's defense, as supported by *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). The due process clause of the Fourteenth Amendment guarantees the right to present a full and fair defense, which includes the use of pertinent evidence. The arbitrary enforcement of the protection order without considering these fundamental rights is a violation of constitutional protections as outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

**Consideration of Pro Se Status**

As a pro se litigant, the Defendant faced significant challenges in navigating complex legal procedures. The Supreme Court's ruling in *Haines v. Kerner*, 404 U.S. 519 (1972), mandates that courts hold pro se litigants to less stringent standards than those applied to lawyers. The Defendant's lack of knowledge about the specific procedures for filing documents under seal was not indicative of contempt but rather a reflection of his non-lawyer status. The court's failure to provide explicit instructions on these procedures further underscores the need for leniency and understanding.

**Judicial Discretion and Good Faith**

The Defendant reasonably believed, based on past judicial practices, that the court would exercise discretion in determining the necessity of sealing documents. This belief was held in good faith, as evidenced by the court's prior actions. The Defendant's expectation that the court would protect sensitive information, as it had done in previous instances, demonstrates a reliance on observed judicial practices rather than an act of contempt.

**Case Law Supporting Pro Se Litigants**

The principles established in *Erickson v. Pardus*, 551 U.S. 89 (2007), and *Estelle v. Gamble*, 429 U.S. 97 (1976), reaffirm the need for courts to provide leeway to pro se litigants. The

Defendant's actions, taken in good faith and based on a reasonable understanding of judicial practices, should be evaluated with the consideration that courts have consistently acknowledged the unique position of pro se litigants.

**Final Conclusion**

For the foregoing reasons, the allegations of contempt against Mark A. Gipson are unfounded and should be dismissed. The Defendant has acted within the bounds of the law, relying on public domain principles, fair use doctrine, constitutional protections, and the specific terms of the court's protective order. The dismissal of these allegations is not only legally justified but also essential to uphold the principles of justice and due process.

APPENDIX: ADDITIONAL CASE LAW AND LEGAL PRINCIPLES

1. Public Domain and Fair Use

- *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984): Reinforced the doctrine of fair use, particularly in cases involving the reproduction of publicly available material and images controlled by the copyright owner.

**2. False Pretenses and Misstatements**

- *Napue v. Illinois*, 360 U.S. 264, 269 (1959): Established that the use of false evidence by the prosecution violates due process.
- *Mooney v. Holohan*, 294 U.S. 103, 112 (1935): Held that a conviction obtained through the use of perjured testimony is a violation of due process.

**3. Pro Se Litigants and Judicial Discretion**

- *Estelle v. Gamble*, 429 U.S. 97, 106 (1976): Reaffirmed the principle that pro se filings are to be held to less stringent standards than those drafted by lawyers.
- *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984): Recognized the challenges faced by pro se litigants and the need for courts to be more lenient in procedural matters.

Respectfully submitted,

Date: August 5, 2024

Signature:
s/Mark Gipson
1005 w. 22nd st
Austin TX 78705
(512)710-5556
MarkGipson@Gmail.com

CERTIFICATE OF SERVICE

Doe v. Gipson - Defendant's
**DEFENDANT'S RESPONSE TO ALLEGATIONS OF CONTEMPT**

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for Plaintiff via email at: giri.pathmanaban@lw.com on this 5th day of August, 2024.

/s/ Mark Gipson
Mark Gipson