IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JANE DOE**<br><br>   **Plaintiff,**<br><br>vs.<br><br>**MARK A. GIPSON**<br><br>   **Defendant.** | Civil Action No. 1:23-cv-00463-RP |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S OPPOSED MOTION FOR LEAVE
TO FILE SECOND AMENDED ANSWER (D.I. 146)**

# TABLE OF CONTENTS

|     |     |     | Page |
| --- | --- | --- | ---: |
| I.  | INTRODUCTION | | 1 |
| II. | LEGAL STANDARD | | 2 |
| III. | ARGUMENT | | 2 |
|     | A. | Mr. Gipson's Motion Should Be Denied As Futile | 2 |
|     |    | 1) Mr. Gipson's Counterclaims Are Futile Because They Fail To State A Claim Upon Which Relief Can Be Granted | 2 |
|     |    | 2) Mr. Gipson's Counterclaims Are Also Futile Because He Failed To Plead Sufficient Facts To Establish Subject Matter Jurisdiction | 7 |
|     |    | 3) Mr. Gipson's Fraud Affirmative Defense Is Futile Because He Failed To Plead Fraud With The Requisite Specificity | 8 |
|     |    | 4) Mr. Gipson's New Responses To Plaintiff's Factual Contentions Are Futile Because They Are Contradicted Elsewhere In His Answer | 9 |
|     | B. | Mr. Gipson's Motion Should Be Denied Because It Is Made In Bad Faith | 9 |
| IV. | CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................................. *passim*

*Barrett v. Indep. Ord. of Foresters*,
　625 F.2d 73 (5th Cir.1980) ...............................................................................................10

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) .................................................................................................. *passim*

*Bouie v. Equistar Chemicals LP*,
　188 F. App'x 233 (5th Cir. 2006) ....................................................................................10

*Carlton v. Steele*,
　278 F. App'x 352 (5th Cir. 2008) ......................................................................................5

*Cassone v. Austin Chron. Corp.*,
　2024 WL 2031713 (W.D. Tex. May 7, 2004) ..................................................................8

*City of Austin v. Abbott*,
　385 F. Supp. 3d 537 (W.D. Tex. 2019) .............................................................................6

*Culpepper v. Bobo*,
　2007 WL 9701372 (W.D. Tex. Oct. 22, 2007) ..............................................................4, 6

*Daneshjou v. JPMorgan Chase Bank, N.A.*,
　2019 WL 1960361 (W.D. Tex. May 2, 2019) ...............................................................6, 10

*Daneshjou v. JPMorgan Chase Bank, N.A.*,
　2024 WL 2948651 (W.D. Tex. June 11, 2024) .................................................................6

*Davis v. United States*,
　961 F.2d 53 (5th Cir. 1991) ...............................................................................................2

*Dussouy v. Gulf Coast Inv. Corp.*,
　660 F.2d 594 (5th Cir.1981) ............................................................................................10

*Green v. CBS Inc.*,
　286 F.3d 281 (5th Cir. 2002) .............................................................................................4

*Hoffman–La Roche, Inc. v. Zeltwanger*,
　144 S.W.3d 438 (Tex. 2004) ..............................................................................................6

*James v. Brown*,
    637 S.W.2d 914 (Tex. 1982) ..........................................................................................5

*Johns v. Kaelblein*,
    2015 WL 5306597 (W.D. Tex. Sept. 10, 2015) .............................................................5

*Kennedy v. Pablos*,
    2017 WL 2223056 (W.D. Tex. May 18, 2017) .............................................................6

*Layfield v. Bill Heard Chevrolet Co.*,
    607 F.2d 1097 (5th Cir. 1979) ....................................................................................10

*Lyn–Lea Travel Corp. v. Am. Airlines*,
    283 F.3d 282 (5th Cir. 2002) ........................................................................................2

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
    751 F.3d 368 (5th Cir. 2014) ....................................................................................2, 3

*McCall v. Sw. Airlines Co.*,
    2010 WL 145288 (N.D. Tex. Jan. 12, 2010) .................................................................5

*Mitsubishi Aircraft Int'l, Inc. v. Brady*,
    780 F.2d 1199 (5th Cir.1986) .....................................................................................10

*Moser v. Roberts*,
    185 S.W.3d 912 (Tex. App. 2006) ................................................................................6

*Plant v. Blazer Fin. Servs., Inc. of Georgia*,
    598 F.2d 1357 (5th Cir. 1979) ......................................................................................7

*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001) ........................................................................................8

*Rodriguez v. Horizontal Rentals, Inc.*,
    2018 WL 7348031 (W.D. Tex. May 9, 2018) ...............................................................9

*Stripling v. Jordan Prod. Co., LLC*,
    234 F.3d 863 (5th Cir. 2000) ........................................................................................2

*Tank Insulation Int'l, Inc. v. Insultherm, Inc.*,
    104 F.3d 83 (5th Cir. 1997) ..........................................................................................7

*Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*,
    219 S.W.3d 563 (Tex. App. 2007) ................................................................................4

*Thomas v. Chevron U.S.A., Inc.*,
    832 F.3d 586 (5th Cir. 2016) ........................................................................................2

*U.S. ex rel. Steury v. Cardinal Health, Inc.*,
 625 F.3d 262 (5th Cir. 2010) ...................................................................................8

*Vizcaino v. Techcrete Contracting, Inc.*,
 2014 WL 819449 (W.D. Tex. Mar. 3, 2014) .............................................................9

*WFAA–TV, Inc. v. McLemore*,
 978 S.W.2d 568 (Tex. 1998)......................................................................................4

*Wimm v. Jack Eckerd Corp.*,
 3 F.3d 137 (5th Cir. 1993) .......................................................................................10

*Wolf v. Bank of Am. Nat'l Ass'n*,
 630 F. App'x 354 (5th Cir. 2016)...............................................................................5

**STATUTES**

28 U.S.C. § 1332..............................................................................................................8

28 U.S.C. § 1367..............................................................................................................8

Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon 2002) .....................................4

**RULES**

Fed. R. Civ, P. 12(b)(6)....................................................................................................2

Fed. R. Civ. P. 13(a), (b)..................................................................................................7

**PLAINTIFF JANE DOE ("Plaintiff")**, by and through her attorneys, respectfully submits this Opposition to **DEFENDANT MARK A. GIPSON'S ("Defendant" or "Mr. Gipson")** Motion for Leave to File Second Amended Answer (D.I. 146) (the "Motion").

I.  INTRODUCTION

Mr. Gipson's Motion should be denied because it is futile and made in bad faith.

First, each of Mr. Gipson's six new counterclaims are futile because they include only "[t]hreadbare recitals of the elements of [each] cause of action, supported by mere conclusory statements," which are insufficient as a matter of law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Similarly, while Mr. Gipson alleges an entirely new affirmative defense of "Fraud," Mr. Gipson fails to provide the sufficient factual allegations necessary to support this defense and to survive the Federal Rule of Civil Procedure 9(b) pleading standard. Nor is fraud a relevant defense to any of Plaintiff's causes of action. Finally, while Mr. Gipson now adds denials to each of the factual allegations in Plaintiff's Complaint, these new factual responses are also futile as Mr. Gipson contradicts each of these responses elsewhere in his proposed Second Amended Answer.

Second, Mr. Gipson's Motion should be denied because it is being made in bad faith. While the proposed Second Amended Answer adds *completely* new and facially deficient counterclaims, affirmative defenses, and responses to Plaintiff's factual contentions, Mr. Gipson provides *no explanation* for why he could not present these new theories in his previous answer, or first amendment thereto, filed *more-than-thirteen* months prior. Bad faith is further apparent here because, as discussed above, most of Mr. Gipson's new responses to Plaintiff's factual allegations are directly contradicted by admissions made elsewhere in his pleading.

Thus, because Mr. Gipson's Motion is both futile and made in bad faith, Plaintiff respectfully requests that the Court deny Mr. Gipson's Motion.

1

## II.     LEGAL STANDARD

While Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend" (*Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)), leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A motion for leave to amend may be denied because of "bad faith or dilatory motive on the part of the movant" or "futility of amendment." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016).

## III.    ARGUMENT

### A.     Mr. Gipson's Motion Should Be Denied As Futile

#### 1)     <u>Mr. Gipson's Counterclaims Are Futile Because They Fail To State A Claim Upon Which Relief Can Be Granted</u>

Mr. Gipson's new counterclaims are futile because they fail to state a claim upon which relief can be granted. When assessing futility, the Fifth Circuit applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

For example, in *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, the Fifth Circuit affirmed a denial of a motion to amend a complaint because the amendment failed to state a claim

upon which relief may be granted. 751 F.3d 368, 379 (5th Cir. 2014). There, the plaintiff sought to amend their complaint for a third time to assert a claim under § 1 of the Sherman Act. *Id*. However, the Fifth Circuit affirmed the district court's denial of the motion to amend, explaining that the "proposed Third Amended Complaint does not state a colorable claim under § 1 of the Sherman Act" because the it "provides insufficient factual information" to support each element of the asserted cause of action. *Id*.

As in *Marucci Sports*, each of Mr. Gipson's six new counterclaims fail to state a claim upon which relief may be granted because they merely include "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are deficient as a matter of law. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); D.I. 148 (Def.'s 2nd Am. Answer (Part 1)) at 31-33 (Def.'s counterclaims).[1] For example, Mr. Gipson's first counterclaim is a claim for "Defamation by agent Christina Boger," which simply contends:

1. On or about May 4, 2023, Boger made a statement of fact.
2. The statement referred to Gipson.
3. The statement was defamatory.
4. The statement was false.
5. With regard to the truth of the statement, Boger was (1) acting with actual malice, (2) negligent, or (3) liable without regard to fault (strict liability).
6. Gipson suffered pecuniary injury.
7. At all times relevant Boger was acting as an agent of Doe.

D.I. 148 (Def.'s 2nd Am. Answer (Part 1)) at 31.

As an initial matter, Mr. Gipson did not even recite the correct elements of this cause of action, as a cause of action for defamation under Texas law requires the party to prove: (1) the

---

[1] While Mr. Gipson's proposed Second Amended Answer includes updated responses to the factual allegations in Plaintiff's Complaint (*see* D.I. 148 (part one) at ¶¶ 1-212), Mr. Gipson's Second Amended Answer *also* appends nearly 400 pages of what appears to be *additional* responses he has to each individual paragraph of Plaintiff's Complaint (*see* D.I. 148 (part one) at 34-214; D.I. 148 (part two) at 215-432). But there is no indication of how any of these additional responses relate, in any way, to any of Mr. Gipson's new counterclaims.

accused published a false statement; (2) defamatory to the party, in that it damaged the party's reputation, exposing them to financial injury; and (3) the accused made the statement negligently as to its truth. *Green v. CBS Inc.*, 286 F.3d 281, 283 (5th Cir. 2002); *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). But Mr. Gipson fails to even allege that Ms. Boger published a false statement about him to any third party. Moreover, as shown above, Mr. Gipson's first cause of action is deficient, as it is a mere "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," failing to identify *what* statement Ms. Boger purportedly made, *why* it was false, *how* it was defamatory, *how* he was harmed, or *how* the statement was purportedly made with actual malice or negligence as to its truth. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Mr. Gipson's first cause of action of "Defamation by agent Christina Boger" is also time-barred, as claims for libel, slander and defamation must be brought no later than one year after the day the cause of action accrued. *Culpepper v. Bobo*, 2007 WL 9701372, at *8 (W.D. Tex. Oct. 22, 2007) (J. Pitman) (recommending that "Plaintiff's claim for defamation, libel and slander should be dismissed as time-barred.") (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon 2002); also citing *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 586 (Tex. App.– 2007)). While Mr. Gipson fails to provide sufficient facts to establish *what* defamatory statement he is alleging Ms. Boger made, Ms. Boger's interactions with Mr. Gipson occurred in April and May 2023 when Ms. Boger attempted to serve Mr. Gipson with Plaintiff's Complaint and the Court's initial order to show cause. *See* D.I. 17, 20.

Mr. Gipson's first counterclaim also provides no facts explaining how *Plaintiff* should be liable for any statements allegedly made by Ms. Boger. Under Texas law, an employer may be held vicariously liable for defamatory comments made by an employee in the scope of their

4

employment. *See Carlton v. Steele*, 278 F. App'x 352, 353 (5th Cir. 2008) (citation omitted). But Mr. Gipson fails to allege how Ms. Boger–*an independent process server*–is an agent or employee of Plaintiff, or how any statements were made in the scope of Ms. Boger's employment. *See, e.g.*, *McCall v. Sw. Airlines Co.*, 2010 WL 145288, at *10 (N.D. Tex. Jan. 12, 2010) (dismissing claims for defamation for failure to explain how statements made within the scope of employment); *see also Johns v. Kaelblein*, 2015 WL 5306597, at *7 (W.D. Tex. Sept. 10, 2015) (J. Pitman) (granting a motion to dismiss for failure to show vicarious liability).[2]

Each of Mr. Gipson's five remaining counterclaims are similarly deficient, as each merely includes "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); D.I. 148 at 31-33 (Def.'s counterclaims). Indeed, as with Mr. Gipson's first counterclaim, many of Mr. Gipson's remaining counterclaims fail to even recite the correct elements. For example, with respect to Mr. Gipson's second counterclaim, "Defamation by Jane Doe," Mr. Gipson fails to even allege that any purportedly defamatory statement was published to any third party. *See* D.I. 148 (part one) at 31-32. As another example, under Texas law, a breach of contract claim requires: "'(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach.'" *Wolf v. Bank of Am. Nat'l Ass'n*, 630 F. App'x 354, 355 (5th Cir. 2016) (citation omitted). Yet Mr. Gipson fails to even allege that he performed or tendered performance of any contract, implied or otherwise, as part of his fourth counterclaim "Breach of Contract." *See* D.I. 148 at 32.

---

[2] Indeed, Mr. Gipson's first counterclaim appears to be an attempt to re-package his prior counterclaims of defamation against Plaintiff's counsel, which the Court already dismissed, explaining that "the judicial-proceedings privilege provides complete protection to litigants and their counsel from defamation claims." D.I. 83 at 10 (citing *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982)).

The remaining counterclaims fail to state a claim upon which relief may be granted for other reasons as well. For example, Mr. Gipson's second counterclaim of "Defamation by Jane Doe," which he asserts based on a statement purportedly made "[o]n or about October 17, 2022" (*see* D.I. 148 (part one) at 31-32), is statutorily time-barred. *Culpepper*, 2007 WL 9701372, at *8. As another example, with respect to Mr. Gipson's fifth counterclaim "Intentional Infliction of Emotional Distress" ("IIED"), the Texas Supreme Court has reiterated that the tort of IIED is "a 'gap-filler' tort that should not be extended to circumvent the limitations placed on the recovery of mental anguish damages under more established tort doctrines." *Hoffman–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (citations omitted). Thus, where the gravamen of the complaint is really another tort, IIED is unavailable as a cause of action. *Moser v. Roberts*, 185 S.W.3d 912, 916 (Tex. App. 2006). Mr. Gipson's IIED counterclaim appears to be merely a byproduct of his other (facially deficient) counterclaims making it an unavailable cause of action. *See, e.g.*, *Culpepper*, 2007 WL 9701372, at *9 (J. Pitman) ("[P]laintiff cannot recover for intentional infliction of emotional distress where claim is based on same actions forming basis of his defamation claim.") (citations omitted).

In short, each of Mr. Gipson's new counterclaims fail to state a claim upon which relief may be granted, and thus Mr. Gipson's Motion should be denied as futile. *See, e.g.*, *Daneshjou v. JPMorgan Chase Bank, N.A.*, 2019 WL 1960361, at *5 (W.D. Tex. May 2, 2019) (J. Pitman), *aff'd*, 799 F. App'x 296 (5th Cir. 2020) (denying a motion to amend as futile where the amended pleading failed to state a plausible claim for relief).[3]

---

[3] *Kennedy v. Pablos*, 2017 WL 2223056, at *8 (W.D. Tex. May 18, 2017) (J. Pitman) (denying motion for leave to amend where amendment would be futile); *City of Austin v. Abbott,* 385 F. Supp. 3d 537, 548 (W.D. Tex. 2019) (J. Pitman) ("Because the City has already had an opportunity to amend, and because amendment would be futile, there is no need to grant the City leave to amend."); *Daneshjou v. JPMorgan Chase Bank, N.*A., 2024 WL 2948651, at *3 (W.D. Tex. June

### 2) Mr. Gipson's Counterclaims Are Also Futile Because He Failed To Plead Sufficient Facts To Establish Subject Matter Jurisdiction

Mr. Gipson's new counterclaims are also futile because they are permissive counterclaims, and "a permissive counterclaim must have an independent jurisdictional basis." *Plant v. Blazer Fin. Servs., Inc. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979). Yet Mr. Gipson failed to plead sufficient facts to show that the Court has subject-matter jurisdiction over these claims.

First, each of these counterclaims are permissive, rather than compulsory, because the counterclaims do not arise out of the same transaction or occurrence as Plaintiff's causes of action. Fed. R. Civ. P. 13(a), (b). The Fifth Circuit has used a four part test to assess whether a claim and counterclaim arise from the same transaction:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

*Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 86 (5th Cir. 1997) (citations omitted).

Here, Mr. Gipson did not plead that the claims arise out of the same transaction or occurrence as Plaintiff's causes of action, nor could he. The issues of law are unrelated — the Complaint alleges causes of action under the Federal and Texas-based Revenge Porn statutes, along with other Texas-based torts, none of which share common elements with Mr. Gipson's assault, breach of contract, or copyright counterclaims.[4] The factual issues for each counterclaim also do not substantially overlap with the factual issues relating to Plaintiff's causes of action. Nor

---

11, 2024) (J. Pitman) (denying a motion to amend as futile where the new claims failed to state a plausible claim for relief).

[4] While Mr. Gipson's counterclaims of defamation and IIED overlap in law with Plaintiff's claims of defamation and IIED, as discussed above, Mr. Gipson's defamation counterclaims are time-barred, and Mr. Gipson's counterclaim of IIED is insufficient as a matter of law.

would res judicata bar a subsequent suit by Mr. Gipson, as the claims are distinct and Mr. Gipson would not be barred from bringing these claims in another case on account of the unrelated claims by Plaintiff against him. Moreover, entirely different evidence would be needed to support these new counterclaims, particularly Mr. Gipson's counterclaims of assault, breach of contract, and copyright infringement. Thus, these counterclaims are permissive. *See, e.g.*, *Cassone v. Austin Chron. Corp.*, 2024 WL 2031713, at *4-6 (W.D. Tex. May 7, 2024) (J. Pitman) (finding a counterclaim of "theft" was permissive in view of plaintiff's claims of "battery and sexual coercion").

Second, while the burden of proof rests with the party asserting jurisdiction (*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)), Mr. Gipson failed to plead sufficient facts to show that the Court has subject-matter jurisdiction over these counterclaims. Indeed, Mr. Gipson's first five new counterclaims are Texas-based torts, but Mr. Gipson did not sufficiently plead either diversity jurisdiction (*i.e.*, pleading sufficient facts to show that he could reasonably recover the sum or greater than $75,000), or supplemental jurisdiction (*i.e.*, pleading sufficient facts to show that any of these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III"). 28 U.S.C. §§ 1332, 1367.

  3) <u>Mr. Gipson's Fraud Affirmative Defense Is Futile Because He Failed To Plead Fraud With The Requisite Specificity</u>

Mr. Gipson's new affirmative defense of "Fraud" is also futile, as Mr. Gipson fails to provide sufficient factual allegations to support a fraud defense. Nor is fraud a relevant defense to Plaintiff's causes of action. To allege fraud, Rule 9(b) requires, at a minimum, "that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Steury v. Cardinal*

8

*Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010). But Mr. Gipson's new fraud defense fails to include this requisite information, rendering it deficient. *See* D.I. 148 (part 1) at 30.[5]

    4)  Mr. Gipson's New Responses To Plaintiff's Factual Contentions Are Futile Because They Are Contradicted Elsewhere In His Answer

Finally, Mr. Gipson's *completely new and different* responses to Plaintiff's factual contentions are futile because they are directly contradicted elsewhere in the same pleading. For example, Plaintiff alleges that Mr. Gipson sent Mr. Ricco Moldt four nude photographs of Plaintiff. Comp., ¶ 50. Mr. Gipson's Seconded Amended Answer now adds a response "den[ying] each and every allegation set forth in Paragraph 50…." D.I. 148 (part 1), ¶ 50. Yet later in the same pleading, Mr. Gipson admits sending this message, but simply argues that "the message was sent to encourage the plaintiff to resolve our legal issues." D.I. 148 (part 2) at 245.[6]

  **B.**  **Mr. Gipson's Motion Should Be Denied Because It Is Made In Bad Faith**

The Court should further deny Mr. Gipson's Motion because it is made in bad faith.

First, Mr. Gipson's Motion is made in bad faith because, as discussed above, Mr. Gipson's completely new responses now categorically denying all of Plaintiff's factual contentions are directly contradicted by admissions made later in the same pleading. *Supra* at III.A.4.

Second, Mr. Gipson's Motion is made in bad faith because he fails to explain why he waited *more-than-thirteen* months to file this Second Amended Answer adding *completely* different

---

[5] While Mr. Gipson alleges fraud as an affirmative defense, rather than a counterclaim, in *Rodriguez v. Horizontal Rentals, Inc.*, 2018 WL 7348031 (W.D. Tex. May 9, 2018), the court recognized that "courts have treated the two as the same." *Id.* (citing *Vizcaino v. Techcrete Contracting, Inc.*, 2014 WL 819449, at *2 (W.D. Tex. Mar. 3, 2014)).

[6] This issue is persistent throughout Mr. Gipson's pleading, with paragraphs 1-212 categorically denying every allegation in Plaintiff's complaint, then each of these denials being contradicted by Mr. Gipson admitting to sending the underlying communications but providing various excuses as to why he sent them. *Compare* D.I. 148 (part 1), ¶¶ 1-212 *with* D.I. 148 (part 1) 34-214 and D.I. 148 (part 2) (215-427).

9

factual responses, counterclaims, and defenses, particularly when Mr. Gipson was previously aware of all the relevant facts. *See, e.g.*, *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993) ("[a party's] awareness of facts and failure to include them in [a pleading] might give rise to the inference that the [party] was engaging in tactical maneuvers to force the court to consider various theories *seriatim*.") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir.1981)). Indeed, courts have *routinely* denied motions to amend when a party failed to explain long delays between seeking leave, particularly where all underlying facts were in the party's possession at the time of prior filings. *See, e.g.*, *Wimm*, 3 F.3d at 141 (affirming denial of leave to amend where denial was based on dilatory tactics of party seeking amendment); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (upholding denial of leave to amend where "all of the facts relevant to the proposed amendment were known to the [movant] at the time she filed her original complaint"), *cert. denied*, 446 U.S. 939 (1980); *Barrett v. Indep. Ord. of Foresters*, 625 F.2d 73, 75 (5th Cir.1980) (affirming denial where "there would appear to be no matters . . . which could not have been raised initially.").[7]

## IV. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's Motion (D.I. 147).

---

[7] *See also Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir.1986) (failure to urge a claim which is "usually apparent at the outset of a case . . . strongly suggests either a lack of diligence . . . or a lack of sincerity"); *Bouie v. Equistar Chemicals LP*, 188 F. App'x 233, 239 (5th Cir. 2006) (affirming a denial of a motion for leave to amend based on a finding of bad faith and futility); *Daneshjou v. JPMorgan Chase Bank, N.A.*, 2019 WL 1960361, at *5 (W.D. Tex. May 2, 2019) (J. Pitman), *aff'd*, 799 F. App'x 296 (5th Cir. 2020) (noting that plaintiff's "allegations are so implausible as to suggest that his lawsuit is motivated not by a good-faith belief that he is entitled to relief, but rather by a dilatory motive to delay the foreclosure of his home"); *Daneshjou v. JPMorgan Chase Bank, N.A.*, 2024 WL 2948651, at *3 (W.D. Tex. June 11, 2024) (J. Pitman) ("While Rule 15(a) evinces a bias in favor of amendment, granting leave to amend is not required if the [party] has already pleaded her 'best case.'").

| | |
|---|---|
| Dated: August 20, 2024 | Respectfully submitted,<br><br>/s/ *Bradley A. Hyde*<br><br>Bradley A. Hyde (*pro hac vice*)<br>Kevin M. Hamilton (*pro hac vice*)<br>Caitlyn L. Brock<br>LATHAM & WATKINS LLP<br>650 Town Center Drive<br>Suite 2000<br>Costa Mesa, CA  92626-1925<br>Telephone:  (714) 540-1235<br>Facsimile:  (714) 755-8290<br>bradley.hyde@lw.com<br>kevin.hamilton@lw.com<br>caitlyn.brock@lw.com<br><br>Alex Wyman (pro hac vice)<br>LATHAM & WATKINS LLP<br>355 South Grand Avenue<br>Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>alex.wyman@lw.com<br><br>Benjamin J. Behrendt (TSB#: 24130704)<br>LATHAM & WATKINS LLP<br>300 Colorado Street<br>Suite 2400<br>Austin, TX  78701<br>Telephone:  (737) 910-7300<br>Facsimile:  (737) 910-7301<br>benjamin.behrendt@lw.com<br><br>ATTORNEYS FOR Plaintiff<br>JANE DOE |

## CERTIFICATE OF SERVICE

I hereby affirm that on August 20, 2024, a true and correct copy of the foregoing document was served by electronic service pursuant to the Federal Rules of Civil Procedure with the Court's CM/ECF electronic filing system. Additionally, a copy of the respective pleading was served to Mr. Gipson's email address.

Dated: August 20, 2024                                            */s/ Bradley A. Hyde*

                                                                             Bradley A. Hyde