IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-463-RP |
| | § | |
| MARK A. GIPSON, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Mark A. Gipson's ("Defendant") Motion for Leave to File Second Amended Answer, (Dkt. 146); Defendant's Motion to Dismiss, For Protective Order, and for Injunctive Relief, (Dkt. 167); Defendant's Motion to Limit Discovery, (Dkt. 169); and Defendant's Motion to Quash Subpoenas and for Protective Order, (Dkt. 171). Defendant is a serial filer and uncooperative party in this case and has been warned multiple times by the Court that he risks being held in contempt. (*See* Dkts. 23, 174). Plaintiff Jane Doe ("Plaintiff") responded to Defendant's Motion for Leave to File Second Amended Answer (Dkt. 156), and to Defendant's Motion to Dismiss, (Dkt. 168), and filed an omnibus response to both discovery motions. (Dkt. 172). Also before the Court is Plaintiff's Motion to Compel, (Dkt. 173), and Plaintiff's Motion to Compel Deposition of Defendant. (Dkt. 178). Defendant has not filed a response to Plaintiff's motions to compel. After reviewing the parties' submissions and the relevant law, the Court will deny Defendant's motions and grant Plaintiff's motions.

The Court first addresses Defendant's Motion for Leave to File Second Amended Answer. While Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend," *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotations omitted), leave to amend "is by no means automatic."

1

*Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A motion for leave to amend may be denied because of "bad faith or dilatory motive on the part of the movant, "undue prejudice to the opposing party" or "futility of amendment." *Thomas v. Chevron U.S.A.*, Inc., 832 F.3d 586, 591 (5th Cir. 2016). The Fifth Circuit assesses futility under the same standard of legal sufficiency that applies under Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Under that standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Here, Defendant merely recites the elements of his new counterclaims, without any factual allegations to make them plausible. (*See* Dkts. 148, at 31–33). Therefore, allowing Defendant to file the second amended answer is futile. Additionally, Defendant waited over a year to move for leave to file this answer, without any explanation as to why he could not have filed this answer or asserted these counterclaims in his original or first amended answer. This delay suggests that the instant request is made in bad faith, especially in the context of Defendant's conduct throughout this litigation. Lastly, Defendant's proposed amended answer is over 200 pages, (Dkt. 148), which at this late stage in the litigation, would cause undue prejudice to Plaintiff. For reasons of futility, bad faith, and undue prejudice, Defendant's Motion for Leave to File Second Amended Answer is denied.

The Court next addresses Defendant's Motion to Dismiss, For Protective Order, and for Injunctive Relief. (Dkt. 167). Defendant's request for dismissal is procedurally defective, both in its timing and argument. *See* Fed. R. Civ. Pro. 12. Defendant states no grounds on which dismissal could be granted, rather, he argues that Plaintiff's claims are meritless and hurls new accusations at Plaintiff. (Dkt. 167, at 7–8). Defendant's requests for a protective order and injunctive relief are similarly unfounded. Defendant requests a protective order and injunctive relief to protect him from discovery, (*id.* at 8-9)—his objections to which are unpersuasive, as discussed below regarding the

parties' discovery motions. He also asks for "injunctive relief from copyright infringement," (*id.* at 8), a claim that is not at issue in this case. Further, Defendant does not make an argument he would likely succeed on the merits of a copyright claim, as is required when requesting injunctive relief. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). Defendant provides no authority that supports these requests, instead making accusations regarding Plaintiff's motives, political views, and mental health. (*Id.* at 14–15). For all these reasons, Defendant's Motion to Dismiss, For Protective Order, and for Injunctive Relief is denied.

Last, the Court addresses the parties' discovery motions. The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. Fed. R. Civ. P. 37(a). If the motion is filed and granted, the Court must order the resisting party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

The Court finds Defendant's request to limit discovery unpersuasive. Defendant repeatedly argues that because he has what is allegedly a "valid and signed model release" all other discovery is irrelevant. (Dkt. 169, at 2). This is an illogical conclusion; one piece of potential evidence does not

negate the relevance of additional, and especially competing, evidence. Plaintiff seeks evidence supporting Defendant's claim of having a "valid model release," as well as information such as where Defendant has distributed photographs of Plaintiff and communications regarding Plaintiff, (Dkt. 173-5, at 7-9), all of which are relevant. Thus, the Court finds the requested discovery proportional to the needs of the case. Defendant further argues the requested discovery overburdens him as a pro se party. (Dkt. 169, at 2). However, pro se parties are required to comply with discovery and the Federal Rules of Civil Procedure, the same as represented parties. Therefore, the Court finds Defendant has not presented good cause to limit discovery as requested and will deny his motion.[1]

Similarly, the Court also denies Defendant's motion to quash Plaintiff's third-party subpoenas. Even if Defendant has standing to challenge these subpoenas, which is unlikely, the Court finds the information sought through the subpoenas relevant and proportional to the needs of the case. Further, the subpoenas comply with the requirements of Rule 45(d)(3). In the same motion, Defendant requests a protective order "to prevent Plaintiff from seeking additional irrelevant and invasive discovery," and repeats the same argument that the alleged "signed model release" is the only relevant discovery. (Dkt. 171, at 10-11). But again, the Court finds Plaintiff's discovery relevant and proportional to the needs of this litigation. Accordingly, Defendant's Motion to Quash Subpoenas and for Protective Order is denied.

Plaintiff filed her first Motion to Compel on October 3, 2024, asking the Court to compel Defendant to respond to interrogatories, produce documents, comply with schedule deadlines, and to deem the requests for admission as "admitted" due to failure to timely comply. (Dkt. 173). Plaintiff filed her Motion to Compel Deposition of Defendant on November 15, 2024. (Dkt. 178). "Once a party moving to compel discovery establishes that the materials and information it seeks are

---

[1] Additionally, both Defendant's motions at Dkt. 169 and 171 could be denied on the grounds that they violate Local Civil Rule 7(c)(2), which limits discovery motions to ten pages.

relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

Plaintiff represents that she attempted to confer with Defendant on numerous occasions and Defendant refuses to cooperate or make himself available for a deposition, and to date he has provided no discovery. (Dkt. 173, at 1; Dkt. 178, at 8). Defendant has not filed a response to either of Plaintiff's motions to compel. The Court could grant Plaintiff's motions for this reason alone. *See* W.D. Tex. Loc. R. CV-7(e)(2) (requiring an opposing party to respond to a nondispositive motion within 7 days and allowing the district court to grant a motion as unopposed if no timely response is filed). But additionally, as explained above, the Court finds Plaintiff's requested discovery proportional and relevant, and finds Defendant's previous arguments to limit discovery baseless.

For these reasons, Plaintiff's Motion to Compel, (Dkt. 173), and Plaintiff's Motion to Compel the Deposition of Defendant, (Dkt. 178), are **GRANTED**. Discovery is extended for the limited purpose of completing this compelled discovery.

Accordingly, **IT IS ORDERED** that Defendant shall provide Plaintiff with dates he is available to be deposed on or before **December 4, 2024.**

**IT IS FURTHER ORDERED** that Defendant fully respond to Plaintiff's First Set of Interrogatories by **December 20, 2024.**

**IT IS FURTHER ORDERED** that Defendant fully respond to Plaintiff's First Set of Requests for Production by **December 20, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's Requests for Admission are deemed admitted per Federal Rule of Civil Procedure 36(a)(3).

**IT IS FINALLY ORDERED** that Defendant's Motion for Leave to File Second Amended Answer, (Dkt. 146); Defendant's Motion to Dismiss, For Protective Order, and for Injunctive Relief, (Dkt. 167); Defendant's Motion to Limit Discovery (Dkt. 169); and Defendant's Motion to Quash Subpoena and for Protective Order, (Dkt. 171), are **DENIED**.

**SIGNED** on November 26, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE