

# United States Court of Appeals
# for the Fifth Circuit

**FILED**
December 26, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
klw
DEPUTY

**Certified as a true copy and issued
as the mandate on Dec 26, 2024**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 24-50018
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2024

Lyle W. Cayce
Clerk

JANE DOE,

*Plaintiff—Appellant*,

*versus*

MARK A. GIPSON,

*Defendant—Appellee.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-463

_____

Before JONES, DENNIS, and SOUTHWICK, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is VACATED, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

No. 24-50018

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50018
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2024

Lyle W. Cayce
Clerk

JANE DOE,

*Plaintiff—Appellant*,

*versus*

MARK A. GIPSON,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-463

————————————————————

Before JONES, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

 This is a revenge porn lawsuit. Plaintiff-Appellant Jane Doe filed a motion for preliminary injunction seeking to require Defendant-Appellee Mark Gipson to take down nude images and allegedly defamatory statements that Gipson published in retaliation for Doe seeking to cease contact with him. The district court denied Doe's motion because Doe failed to provide

————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50018

testimonial evidence to contradict Gipson's live testimony. The district court ruled that the absence of live testimony left Doe unable to satisfy the first of four preliminary injunction requirements—that she would be "likely to succeed on the merits." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *PCI Transp. Inc. v. W.R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).[1] We review the district court's ruling for abuse of discretion. *Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418–19 (5th Cir. 2001).

The district court's order reflects an abuse of discretion because its reasoning imposed a requirement that has no basis in civil procedure or caselaw: that a movant is categorically unable to establish the first preliminary injunction requirement without testimonial evidence to contradict live testimony. *See, e.g.*, *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) ("Documents or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it."); *see also In re Luhr Bros., Inc.*, 157 F.3d 333, 338 (5th Cir. 1998) ("The court must also consider relevant documents or objective evidence that may contradict the witness's story and whether a witness's story is internally consistent and plausible on its face.").

Accordingly, we VACATE the district court's order and REMAND for further proceedings not inconsistent with this opinion.

---

[1] The other three preliminary injunction requirements are: (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause the non-movant; and (4) that the injunction will promote the public interest. *Winter*, 555 U.S. at 20. The district court did not reach these requirements, and neither do we. *See, e.g.*, *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 252 (5th Cir. 2022) ("As a well-established general rule, this court 'will not reach the merits of an issue not considered by the district court.'") (quoting *Baker v. Bell*, 630 F.2d 1046, 1055 (5th Cir. 1980)).

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 26, 2024

Mr. Philip Devlin
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 24-50018    Doe v. Gipson
               USDC No. 1:23-CV-463

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

               Sincerely,

               LYLE W. CAYCE, Clerk

               By: _____
               Casey A. Sullivan, Deputy Clerk
               504-310-7642

cc:
    Mr. Bradley A. Hyde
    Mr. Mark McAdoo
    Mr. S. Giri Pathmanaban