IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-463-RP |
| | § | |
| MARK A. GIPSON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are twelve motions filed by Defendant Mark A. Gipson ("Defendant"):
Motion for Sanctions, (Dkt. 140); Motion to Dismiss Contempt Allegations and for Sanctions, (Dkt.
141); Motion for Sanctions, (Dkt. 142); Motion to Seal, (Dkt. 143); Motion to Seal, (Dkt. 147);
Motion to Seal, (Dkt. 151); Motion to Seal, (Dkt. 152); Motion to Seal, (Dkt. 153); Motion to
Compel, (Dkt. 154); Motion to Seal, (Dkt. 159); Motion for Leave to File Sealed Document, (Dkt.
162); and Motion to Seal, (Dkt. 163). These twelve motions were filed when Defendant was
proceeding *pro se*. Defendant is now represented by counsel.

The Court first addresses Defendant's motions for sanctions. (Dkts. 140; 141; 142). Plaintiff
filed an omnibus response to Defendant's requests for sanctions against Plaintiff's counsel. (Dkt.
155; Text Order, dated January 31, 2025). The Court has previously warned Defendant that his
attacks on opposing counsel are without merit, frivolous, and unnecessary. (Order, Dkt. 138). For
the same reasons previously stated, all of Defendant's requests for sanctions against Plaintiff's
counsel are denied.

Next, the Court finds most of the documents Defendant requests to seal are already under
seal, rendering several of Defendant's motions to seal moot. (*See* Dkts. 143; 147; 151; 153; 159). As

for Defendant's request at Docket Entry 153 to seal the public transcript of the August 5, 2024, hearing, the transcript is not electronically available to the public. (*See* Dkt. 132).

Last, the Court addresses the remainder of Defendant's miscellaneous motions. Defendant's motion at Docket Entry 154 is labeled "Motion to Compel," but contains only arguments for dismissal of the claims brought against Defendant and arguing yet again for sanctions against Plaintiff and her counsel. (*See* Dkt. 154). The Court cannot ascertain what relief Defendant seeks through this motion and therefore denies it without prejudice.

Defendant also seeks to file several responses to declarations Plaintiff has entered into the record. (Dkts. 162-1 to 4; 163-1). Plaintiff responded in opposition. (Dkt. 164). The declarations to which Defendant seeks to respond were filed in support of Plaintiff's Opposed Motion Under Rule 59(e) to Amend the Judgment Regarding Plaintiff's Motion for a Preliminary Injunction and Defendant's Motion to Set Aside the Default. (*See* Dkt. 86). The Court ruled on Plaintiff's motion on November 16, 2023, (Order, Dkt. 94), and Defendant moved to file his response to the declarations nearly a year later on August 22, 2024. (See Dkts. 162, 163). Because the Court had already ruled on Plaintiff's motion, Defendant's motions are moot. If Defendant maintains that his submissions are relevant, the Court encourages him to consult his attorney regarding how to submit this information to the Court in a manner that complies with the Federal Rules of Civil Procedure and the Local Rules.

Accordingly, **IT IS ORDERED** that Defendant's motions at Docket Entries 143; 147; 151; 153; 159; 162; and 163 are **MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motions at Docket Entries 140; 141; 142; and 154 are **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's motion at Docket Entry 152 is **GRANTED** as unopposed. The Clerk of Court shall place Dkt. 121 under seal.

**SIGNED** on February 4, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE