IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:23-CV-463-RP |
| MARK A. GIPSON, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court are four motions and the respective responses and replies: Defendant Mark A. Gipson's ("Defendant") Motion to Recall or Amend Admissions, (Dkt. 180); Defendant's Motion to Continue Case and Extend Discovery, (Dkt. 181); Defendant's Request for In-Person Hearing, (Dkt. 183); and Plaintiff's Motion for Summary Judgment, (Dkt. 195). All four motions are opposed. At the outset, the Court finds it can resolve the motions without a hearing and accordingly denies Defendant's request for a hearing. Having considered the parties' briefing, the record, and the relevant law, the Court now denies the remaining three motions.

### I.  BACKGROUND

This is a case with a detailed procedural history involving depictions of intimate visual material. Plaintiff alleges that Defendant took many sexually explicit pictures of her during an international trip, that she did not consent to some of the pictures, that she felt coerced to consent to others, and that she did not agree to let Defendant use any pictures for commercial purposes. (Compl., Dkt. 1, at 8–13). She alleges that Defendant has refused to give her the pictures and that he has tried to ask her for money in exchange for the pictures. (*Id.* at 13, 16–17). She further alleges that Defendant threatened to make the pictures public. (*Id.* at 14–17). Plaintiff also alleges that Defendant posted defamatory information about her online, including calling her an escort and a sex

worker on social media. (*Id.* at 14–15). According to Plaintiff, Defendant also: (1) sent intimate visual depictions of her to friends and family; (2) published intimate depictions of her on an Instagram account, in which he is allegedly impersonating Plaintiff; and (3) published intimate depictions of her on websites, all without her permission. (*Id.* at 16–17, 22, 25–28, 28–31).

Plaintiff filed her complaint on April 24, 2023. (*Id.*). She brings claims for unauthorized disclosure of intimate images under the Violence Against Women Reauthorization Act (VAWRA), 15 U.S.C. § 6851, and Texas Civil Practice and Remedies Code § 98B, along with other state tort claims. (*Id.* at 33–57). Defendant proceeded *pro se* through the initial bulk of the litigation, only obtaining counsel in November of 2024. (*See* Order, Dkt. 177). While proceeding *pro se*, Defendant was uncooperative with court orders and was warned multiple times by the Court that he risks being held in contempt. (*See* Dkts. 23, 174).

A scheduling order entered July 9, 2024 set the close of discovery for November 15, 2024, and a jury trial for April 21, 2025. (Order, Dkt. 126). The Court granted an extension for dispositive motions, setting a deadline of December 20, 2024. (Text Order, dated November 13, 2024). On November 26, 2024, the Court ruled on the parties' discovery motions, including, among others: Defendant's Motion to Limit Discovery, (Dkt. 169), and Plaintiff's Motion to Compel, (Dkt. 173). (Order, Dkt. 179). The Court denied Defendant's Motion to Limit Discovery, finding Defendant's argument (that his allegedly valid "Model Release" renders all other discovery irrelevant) erroneous. (*Id.* at 3–4). Plaintiff's Motion to Compel informed the Court that Defendant had refused to cooperate in any discovery while his motion to limit discovery was pending, despite Plaintiff's counsel informing him that his pending motion did not excuse him from his duty to timely comply with discovery. (Dkt. 173, at 1, Exhibit C). Plaintiff requested that the Court order Defendant to respond to Plaintiff's requests for production and interrogatories, and to deem Plaintiff's requests for admission admitted. (*Id.* at 10). Defendant failed to respond to Plaintiff's Motion to Compel.

2

The Court granted Plaintiff's Motion to Compel, finding Plaintiff's requested discovery relevant and proportional to the needs of the case. (Order, Dkt. 179 at 5). The Court deemed Plaintiff's Requests for Admissions admitted per Federal Rule of Civil Procedure 36(a)(3). (*Id.* at 6).

Three weeks later, Defendant, through his newly obtained counsel, filed his Motion to Recall or Amend Admissions, (Dkt. 180), and his Motion to Continue Case and Extend Discovery, (Dkt. 181). In these motions, Defendant asks the Court to 1) allow withdrawal or amendment of the admissions deemed admitted; 2) reopen discovery for 45 days; and 3) continue the case for 90 days. (Dkt. 180 at 5; Dkt. 181 at 5–6). Plaintiff opposes all three requests. Plaintiff then filed her Motion for Summary Judgment, which is based at least in part on the admissions deemed admitted. (*See* Dkt. 195).

## II. LEGAL STANDARD

### A. Recalling Admissions Deemed Admitted

Under Federal Rule of Civil Procedure 36(a)(3), requests for admission are deemed admitted unless the party to whom the request is directed serves on the requesting party a written answer or objection within 30 days of being served. Moreover, "[a]ny matter admitted ... is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Rule 36(b) sets out two factors for the Court to consider on a motion to withdraw or amend admissions: 1) if the presentation of the merits of the action will be subserved by withdrawal or amendment; and 2) if the party who obtained the admission will not be prejudiced by the withdrawal or amendment in maintaining its action or defense on the merits. *Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007). Even if both of these factors are met, it is still within the district court's discretion to permit or deny withdrawal. *See id.* The district court is permitted to consider other factors as well, such as the fault of the party seeking withdrawal and that party's diligence in seeking withdrawal. *Id.* Even if the admissions eliminate the

3

merits of a case, the Court can consider whether the party moving for withdrawal has presented evidence that "the admission is contrary to the record of the case, or that the admission is no longer true because of changed circumstances or that through an honest error a party has made an improvident admission." *Id.* (internal quotations removed).

### B. Modifying Scheduling Order

A scheduling order may "be modified only for good cause." Fed. R. Civ. P. 16(b)(4). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019). A party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

### C. Summary Judgment

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted). When reviewing a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Further, a court may not make credibility

4

determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Furthermore, the nonmovant is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin All. v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000).

### III. DISCUSSION

#### A. Withdrawal or Amendment of Admissions

Defendant argues the Court should grant his motion to recall or amend the admissions because withdrawal will allow the case to be presented on the merits and because he was proceeding *pro se* during discovery. (Dkt. 180, at 1–4). The Court finds both reasons unpersuasive. First, Defendant argues withdrawal will allow the case to proceed on the merits because "[t]he admissions in questions are contradicted by prior testimony provided by the Defendant." (*Id.* at 1). The admissions, if left deemed admitted, do conclusively establish many elements of Plaintiff's claim. (*See* Dkt. 173-7). However, even when admissions remove disputes over merits of the case, the Court

considers if the party seeking withdrawal offered evidence showing the admissions are contrary to the record of the case. *See Le*, 2007 WL 715260, at *2 (citing *Branch Banking & Tr. Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655 (E.D.N.C. 1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence ... to suggest the admission, if left standing, would render an unjust result under the law")). Here, Defendant's motion fails to cite any of this allegedly contradictory testimony, or any contradictory evidence at all. Rather, his motion only makes the conclusory argument that the admissions are contrary to the record. The closest his motion comes is asserting his "second amended answer contains good faith denials of the pending allegations." (Dkt. 180, at 4). However, prior to Defendant filing his motion to withdraw, the Court denied Defendant leave to file his second amended answer, (Order, Dkt. 179, at 6), so the pleading is not live and cannot support his argument here.

To the contrary, Defendant's live submissions to the Court make many statements in accordance with the admissions. For example, Request for Admission No. 1 reads: "Admit that on or around November 22, 2022, YOU sent Mr. Ricco Moldt a message including four (4) photographs of Plaintiff, depicting Plaintiff nude in a bathtub, with her nipples showing and her face visible." (Dkt. 173-7, at 8). And in Defendant's response to Plaintiff's Motion for Summary Judgment, Defendant does not argue that he never sent photos to Mr. Moldt, but rather that the photos "were sent to Mr. Moldt in a good faith attempt to report unsolicited or unwelcomed conduct by the Plaintiff." (Dkt. 192, at 14). As an additional example, Request for Admission No. 4 reads: "Admit that on or around November 23, 2022, YOU sent a message including at least one (1) photograph of Plaintiff, depicting Plaintiff nude in a bathtub with her nipples showing and her face visible, to a 'Ms. Irene.'" (Dkt. 173-7, at 9). Again, in Defendant's response to Plaintiff's Motion for Summary Judgment, he does not dispute sending the photo but instead argues his action falls into an exception under the statute. (Dkt. 192, at 15). Therefore, not only does Defendant not present any

evidence to support his assertion that the admissions are contradictory to the record, it is unclear that Defendant even genuinely disputes the facts established by the admissions. Accordingly, the Court finds withdrawal or amendment of the admissions is not necessary to serve the merits of the case.

Further, the fact that the admissions were deemed admitted is due to Defendant's delay and refusal to cooperate. Defendant argues he was proceeding *pro se* during discovery and he had a pending motion to limit discovery, and therefore he should be permitted to withdraw the admissions. (Dkt. 180, at 3–5). Defendant complains that the Court's order on his motion to limit discovery was issued after the close of discovery. (Dkt. 180, at 3). But, Defendant's motion to limit discovery objected only to Plaintiff's requests for production and interrogatories, making no mention of or objection to Plaintiff's requests for admission. (*See* Dkt. 169). And, Defendant could have responded timely to the requests for admissions with objections and failed to do so. *See* Fed. R. Civ. P. 36(a)(3) (requiring a written answer *or objection* within 30 days). Further, this Court has warned Defendant that he will not be treated differently due to his now former *pro se* status, and that he is expected to comply with the local rules and the Federal Rules of Civil Procedure just as any party would be. Plaintiff's counsel also warned Defendant that his pending motion to limit discovery did not excuse him from timely complying with discovery. (Dkt. 173, at 1, Exhibit C). So, the Court is not persuaded that Defendant's failure to respond to Plaintiff's requests for admissions was reasonable, even if leniently considering his *pro se* status at the time.

And even after obtaining counsel, Defendant continued to delay. Defendant had counsel ahead of the Court's order deeming the admissions admitted, and he still failed to respond to Plaintiff's motion to compel. Instead, Defendant waited until after the Court's order to move to undo consequences caused by his own delay and uncooperativeness. Accordingly, the Court denies Defendant's Motion to Recall or Amend Admissions. (Dkt. 180).

### B. Reopen Discovery and Continuance

Defendant's serial delay tactics and uncooperativeness have equal effect on his request to reopen discovery for 45 days and to continue the case for 90 days. Defendant must show good cause to modify the scheduling order, *see* Fed. R. Civ. P. 16(b)(4), and show that he could not meet the deadlines despite his diligence. *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). He has not made either showing.

Defendant argues discovery should be reopened because he "must be given a fair opportunity to investigate the facts, gather evidence, and prepare [his] case." (Dkt. 181, at 4). However, discovery has been open for nearly a year and a half, and Defendant has not participated; he has served no discovery requests himself and refused to respond to Plaintiff's requests. (Dkt. 186, at 1). The only explanation Defendant provides for his delay is his motion to limit discovery, which as explained above, does not excuse his complete refusal to participate or seek an extension before the deadline. Further, his motion argued for limits on the discovery Plaintiff could seek from him; it does not explain why he failed to seek any discovery at all from Plaintiff during the discovery period.

Defendant's motion to reopen discovery also rests on the fact that he only recently obtained counsel, and his counsel needs to "conduct a thorough investigation." (Dkt. 186, at 3). But again, Defendant does not receive differential treatment because he has only now chosen to obtain counsel. Further, Defendant was represented before the close of discovery, (*See* Dkt. 175), and still failed to serve any requests for discovery or move to extend discovery before the deadline. Defendant had his opportunity to conduct discovery and has not demonstrated he was at all diligent in his efforts.

Defendant's argument for a 90-day continuance is also premised on his recently obtained counsel. Defendant obtained counsel in early November of 2024, and trial is set for April 21, 2025. (*See* Dkts. 175, 126). That leaves Defendant's counsel over five months to review the case and

prepare. This Court and others have denied motions for continuance when newly obtained counsel has had far less time to prepare. *See e.g. Davis v. Cisneros*, No. 1:21-CV-565-RP, 2024 WL 4273836, at *2 (W.D. Tex. Sept. 5, 2024) (denying continuance where the defendants proceeded *pro se* for over eighteen months until obtaining counsel just over a week before trial); *see also Prudential Mortg. Cap. Co. v. Faidi*, 444 F. App'x 732, 736 (5th Cir. 2011) (explaining that the moving party, obtaining counsel six days before trial, "was not prejudiced by anything other than his own dilatory tactics"). Defendant fails to show he will be prejudiced without a continuance, and his lack of diligence in only now obtaining counsel cannot justify moving a trial date that Defendant has been aware of for a year and a half. *See Davis*, 2024 WL 4273836, at *2 (denying continuance where "motion for continuance does not explain why it took [defendants] so long to obtain counsel"). Accordingly, because Defendant has failed to show good cause and diligence, the Court denies his Motion to Continue Case and Extend Discovery, (Dkt. 181).

### C. Summary Judgment

The Court now resolves Plaintiff's Motion for Summary Judgment. (Dkt. 195). Plaintiff mainly argues the requests for admission, once deemed admitted, conclusively establish all elements of Plaintiff's claims under 15 U.S.C. § 6851 and Texas Civil Practice and Remedies Code § 98B.[1] (*Id.*). In response, Defendant argues the admissions do not establish Plaintiff's claims[2] because the photographs were distributed with Plaintiff's consent and pursuant to exceptions under the statutes. (Dkt. 192 at 24).

---

[1] Plaintiff's complaint lists 23 claims, arising under 15 U.S.C. § 6851 and Texas law. (Dkt. 1, at 33–56). Plaintiff moves for summary judgment on only the claims arising under 15 U.S.C. § 6851 and Texas Civil Practice and Remedies Code § 98B.

[2] Defendant also argues the motion for summary judgment cannot be premised on the admissions considering his pending motion to withdraw the admissions. (Dkt. 192, at 7). But, as explained above, the Court declines to allow Defendant to withdraw the admissions.

The admissions do establish many elements of Plaintiff's claims. (*See* Dkt. 173-7). And once admitted, admissions are conclusively established. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Admissions can be an appropriate basis for summary judgment, and "[s]ince Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Id.* at 420.

Here, however, the Court finds a genuine dispute of material fact on an issue separate from the facts and elements established by the admissions. For Plaintiff to prevail on her claims under 15 U.S.C. § 6851 and Texas Civil Practice and Remedies Code § 98B, she must prove Defendant lacked her consent to distribute intimate photographs of her. *See* 15 U.S.C. § 6851(b)(1)(A) ("an individual whose intimate visual depiction is disclosed . . . without the consent of the individual"); Texas Civil Practice and Remedies Code § 98B.002 ("the defendant discloses the intimate visual material without the effective consent of the depicted person"). Plaintiff asserts that Request for Admission No. 27 establishes that Defendant acted without Plaintiff's consent. (Dkt. 195, at 6). But, Request for Admission No. 27 reads: "Admit that the nude, or partially nude photographs of Plaintiff that YOU disclosed to third parties, and/or published publicly, were disclosed with the intent to harm Plaintiff. Comp., ¶¶ 36- 57, 71-75, 119." (Dkt. 173-7, at 13). The admission does not address consent. Therefore, the admission, even deemed admitted, does not conclusively establish Defendant acted without Plaintiff's consent.

To establish he acted with Plaintiff's consent, Defendant presents his "Model Release." (Dkt. 192-1). The document reads:

**USE OF THE PHOTOGRAPHS.**
The Model hereby consents to and authorizes the use of the Photographs by the Photographer and the Photographer's authorized representatives, licensees, successors, and assigns for any purpose whatsoever including and without limitation: sale, reproduction in all media, publication, display, broadcast and exhibition for promotion, advertising, trade, art or illustration. The Model agrees that the Photographs may be used without further compensation for an unlimited time and that this Agreement is irrevocable.

(*Id.* at 58). Defendant argues the "Model Release" is a valid contract that establishes he acted with Plaintiff's consent. (Dkt. 192, at 18, 24). In response, Plaintiff urges the contract is a forgery that she had never seen until this litigation. (Dkt. 195-1, at 28). She offers samples of her handwriting and signature to compare to that on the contract. (*Id.* at 29–20). Plaintiff also presents evidence that she sent text messages to Defendant asserting her lack of consent. (Dkt. 195-1, at 41). Taken together, the evidence presents multiple questions of fact, such as whether Defendant acted with or without Plaintiff's consent and whether the "Model Release" is a valid contract between them. Because of these fact questions, summary judgment is inappropriate for either of Plaintiff's claims.

### IV. CONCLUSION

In conclusion, **IT IS ORDERED** that Defendant's Request for In-Person Hearing, (Dkt. 183), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Recall or Amend Admissions, (Dkt. 180), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Continue Case and Extend Discovery, (Dkt. 181), is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Summary Judgment, (Dkt. 195), is **DENIED**.

**SIGNED** on January 31, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE