# United States Court of Appeals for the Fifth Circuit

**FILED**
August 05, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: ___Christian Rodriguez___
DEPUTY

No. 25-50615
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2026

Lyle W. Cayce
Clerk

Jane Doe,

*Plaintiff—Appellee*,

*versus*

Mark A. Gipson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-463

_____

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Following a three-day jury trial, Mark Gipson was found liable for unlawfully disclosing intimate images of Jane Doe, in violation of 15 U.S.C. § 6851 and Texas Civil Practices and Remedies Code § 98B. Gipson challenges the denial of his motion for mistrial during *voir dire*, contending venireperson No. 47's statements tainted the jury.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50615

We review the district court's denial of a motion for mistrial based on the introduction of extrinsic material for abuse of discretion, and we "accord great weight to the trial court's finding that the [extrinsic] evidence in no way interfered with any juror's decision." *United States v. Davis*, 393 F.3d 540, 549 (5th Cir. 2004) (alteration in original and citation omitted).

During *voir dire*, the district court[1] asked the venire panel members whether they had ever "read anything about this case in the newspapers or online," "heard anything about it on radio or in conversations with others," or "seen anything on television about it[.]" In response, venireperson No. 47 stated, "[w]ell, I've read the Statesman article back in 2012 when there were originally criminal proceedings happening or when he was originally being charged, but that's about it." The court immediately admonished the jury to "[n]ot to look to the court's doc[ket]" and "not to read any pleadings in the case."

The district court then asked venireperson No. 47 whether he had formed an opinion about the issues to be tried, and he replied, "[y]es." The court subsequently held a bench conference and asked whether counsel agreed to strike venireperson No. 47 for cause. In response, Gipson's counsel moved for a mistrial on ground that "his testimony just tainted the jury and created implicit bias" that "can't be cured." The district court then confirmed that both parties agreed that venireperson No. 47 should be struck for cause and inquired about the 2012 article mentioned. After confirming the article related to a different case, the court concluded venireperson No. 47's statement "was quite non-specific" and "so remote in time" that the court could "proceed with any curing instructions that may be necessary."

---

[1] The parties consented to a magistrate judge handling *voir dire*.

2

No. 25-50615

Following the conference, the court released the panel for a recess and once again admonished them to not engage in outside research.

Following the recess, the court held another conference and confirmed it would deny Gipson's motion for a mistrial, reasoning that it had "reviewed the court reporter's transcript," and venireperson No. 47 "did not say that . . . [the] article he read in 2012 was specifically related to this case." The court discussed curative instructions with counsel, but opted not to "call any further attention to th[e] offhand comment."

Gipson contends the statements by venireperson No. 47 "were most certainly meant to create implicit bias in the minds of other jurors." To prevail, he must first show "that the extrinsic influence likely caused prejudice." *United States v. Jordan*, 958 F.3d 331, 335 (5th Cir. 2020) (citation omitted). If he makes such a showing, "[t]he government then bears the burden of proving the lack of prejudice." *Id.* (citation omitted). Gipson's argument fails at step one. The record reflects the district court considered venireperson No. 47's statement, noted it was "quite non-specific," unrelated to the present case, and "so remote in time" as to create no prejudice. Given these circumstances, the district court did not abuse its discretion in denying Gipson's motion for a mistrial. *See Davis*, 393 F.3d at 549.

AFFIRMED.

3