IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-463-RP |
| | § | |
| MARK A. GIPSON, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Defendant Mark A. Gipson ("Gipson") has filed extensive frivolous motions and other material throughout this case—accelerating these filings even more after losing at trial and on appeal. The Court has ordered Gipson to stop multiple times. In one past order, for example, the Court warned Gipson that it would "consider sanctions if he files repetitive, meritless, vexatious, or frivolous submissions in the future." (Order, Dkt. 138, at 5–6). On September 28, 2026, after Gipson continued unabated, the Court barred him from filing anything else besides a Notice of Appeal. (Order, Dkt. 325). That same order threatened to "impose monetary sanctions or bar Mr. Gipson from bringing any future action in this court without prior leave" if he continued, emphasizing: "**This is Defendant's final warning: continued filing of repetitive, meritless, vexatious, or frivolous submissions will result in sanctions.**" (*Id.* at 2).

Nonetheless, on October 7, 2026, Gipson violated the Court's order barring further filings. That day, he submitted a "Motion for Leave to File and Submit Enhanced Digital Audio Recordings as Newly Discovered Evidence; Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(1), (2), and/or (6); and Motion to Reopen the Record to Expose False Testimony Regarding the Model Release." (Dkt. 330). The Court will deny all requested relief as moot, given past orders entering

final judgment and denying reconsideration. (Dkt. 284; text order dated Nov. 11, 2025). And as previously warned multiple times, the Court will also impose sanctions.

The Court may draw on a number of authorities when deciding whether to impose sanctions. First, it may impose sanctions as a valid exercise of its inherent power. *Chambers v. NASCO*, 501 U.S. 32, 46–51 (1991); *see also F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 585 (5th Cir. 2008) (quoting *Natural Gas Pipeline Co. v. Energy Gathering,* 2 F.3d 1397, 1410 (5th Cir. 1993)) (a "party's 'evasiveness and intransigence' in disobeying court orders 'justifie[s] sanctions' under a court's inherent power"); *see generally Conner v. Travis Cty.*, 209 F.3d 794, 800 (5th Cir. 2000) ("The purpose of a court's sanctioning power is to enable it to ensure its own proper functioning."). Second, Fifth Circuit law permits district courts to impose "'petty' fines" as noncompensatory sanctions in a "summary manner." *Crowe v. Smith*, 151 F.3d 217, 228 (5th Cir. 1998); *see also Miller v. City of Los Angeles*, 661 F.3d 1024, 1030 (9th Cir. 2011) (citing *Crowe*, 151 F.3d at 227–29) (small noncompensatory sanctions do not require "procedures applicable to criminal cases"). Third, the Court may look to statutory authority if "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court" are involved. *Edwards v. General Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998); 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Fourth, the Court may also impose sanctions for "fail[ing] to obey a scheduling or other pretrial order" under Federal Rule of Civil Procedure 16(f)(1).

The Court deems it an appropriate exercise of its inherent power to levy a petty monetary sanction. *See Crowe*, 151 F.3d at 228. The Court considers this sanction adequate to vindicate its interest in ensuring its proper functioning. Accordingly, **IT IS ORDERED** that Gipson is sanctioned $250.00, payable to the Clerk of this Court on or before **October 27, 2026**. Gipson is warned that further violations will face increased penalties. All relief requested in Gipson's motions, (Dkt. 330), is **DENIED** as moot.

**SIGNED** on October 13, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE